## State of Minnesota *vs.* Jacob Levy and others.

### December 3, 1877.

**Bail for Appearance of Defendant to Receive Sentence.**—The district court has authority in a criminal case, after verdict of conviction and before sentence, to take bail for the appearance of the defendant before it to receive sentence.

**Same—Appeal to Supreme Court—Forfeiture of Recognizance after Cause is Remanded.**—An appeal to the supreme court and a stay of proceedings from that court, after bail so taken, does not affect the recognizance beyond preventing the district court, temporarily, to forfeit it; and after the cause is remanded from the supreme court for further proceedings, the district court may call the defendant, and upon his default forfeit the recognizance.

**Verdict—Read to Jury before Recorded in the Minutes—Entered after Jury is Discharged.**—That a verdict is read to the jury, and they asked if it is their verdict, before instead of after it is recorded in the minutes, and upon their assenting they are discharged, and the verdict entered afterwards, does not vitiate the verdict.

This action was brought upon a recognizance in favor of the plaintiff, filed in the district court for the first judicial district, and conditioned as follows: "The condition of this obligation is such that, whereas, the said Jacob Levy was, on the ———— day of October, 1875, at a general term of the district court of third judicial district, held in and for the

county of Winona, aforesaid, at the court-house in the city of Winona, duly convicted and found guilty of the crime of larceny, and is now confined in the jail of said county of Winona, awaiting the sentence of said court : Now, therefore, if the said Jacob Levy shall be and appear at the present term of said court, or at any other term of said court, when required for that purpose, to receive the sentence of said court on said conviction, and to do and receive what the said court shall order and require in the premises, then this obligation to be void, otherwise of full force and virtue." The cause was tried in the district court for Winona county by *Mitchell*, J., and a jury.

Subject to objection and exception the court received in evidence on behalf of the plaintiff the recognizance sued on, together with other record evidence, showing that the defendant Levy was convicted of larceny at a general term of the said court; that upon such conviction he was consigned to the custody of the sheriff; that upon motion he was admitted to bail; that he moved for a new trial and that the same was denied; that he duly appealed from the order denying said motion; that the supreme court issued an order staying all proceedings in the district court; that the supreme court affirmed the order of the district court, and issued its mandate to the latter, directing that it should take such further proceedings as might be necessary and proper; that the said district court thereafter made an order requiring the appearance of Levy for sentence; that the county attorney subsequently moved for sentence, and that Levy failed to appear; and that the court thereupon ordered the default of Levy to be recorded and the aforesaid recognizance to be forfeited.

The plaintiff having rested, the defendants moved the court to instruct the jury to find a verdict for defendants, on the ground that the state had failed to make out a case, that the bond was void upon its face, and that the court had no jurisdiction to take a bond of that description. This motion was denied and defendants excepted. The jury rendered a

verdict for the plaintiff, and handed the same in writing to the court. The judge thereupon handed said writing to the clerk, and the clerk thereupon read the same to the jury and inquired of them if that was their verdict, to which the jury assented, and thereupon the jury were discharged. The verdict was not recorded by the clerk, nor read to the jury by him from the minutes of court, nor entered upon said minutes prior to the discharge of the jury. The defendants, under these circumstances, objected to the verdict being entered or recorded by the clerk, upon the ground that it should have been so entered before the jury were discharged, and said jury inquired if such verdict so recorded was their verdict. The objection was overruled and defendants excepted.

*Davis, O'Brien & Wilson,* for appellants.

At common law no felony was bailable after trial, and, therefore, if our courts are now vested with this power, it must be by reason of some constitutional or statutory provision. If there be any provision, however, which permits such additional exercise of the clemency of the law, it is clear that the same is in derogation of the common law, and should, therefore, be strictly construed. And here a distinction should be made between this case and those which hold that while a bail bond may be defective in form, it yet may be a good common law obligation, because here the defect insisted upon is of substance, and reaches to the capacity of the court to take any bond of any form whatsoever.

Now the Bill of Rights (article 1, § 7) only provides that persons shall be bailable "*before conviction,*" and the entire tenor of our statute of appeals in criminal cases, (Gen. St. c. 104,) wherein alone the right to take bail upon appeal is vested in the district or supreme court, entirely negatives, in almost express terms, the right to remove any cause to the supreme court until after judgment, except where a question has been certified up. It is, therefore, claimed that the bailing of the defendant in this case was without warrant of law, and that the entire proceedings of the court below in and about the

appeal were wholly void. If, however, this court should hold that the statute, by construction, authorizes the district court to take bail after verdict and before sentence, then it is further urged that this power can only be exercised in the manner provided by the law under consideration. That is, the party admitted to bail must recognize for his personal appearance at the supreme court, to enter and prosecute his appeal with effect, to abide the sentence therein, to keep the peace, etc. Gen. St. c. 55, §§ 294–295.

These requirements of the recognizance are imperatively demanded by the law, and lie beyond the control of judicial discretion. In the case at bar, however, no judgment had been rendered; there was no sentence upon which the court could act; and the supreme court could only send the case back for further proceedings. The law, however, did not require the defendant to follow it there, and it is for not doing that which the law did not and could not require the defendant to perform, that judgment has been here rendered against the sureties. The prosecution took from the defendant an agreement unknown to the law, wanting in every essential of the one provided for by statute, and now seeks to substitute it for one which is authorized.

But a bail bond must comply with the statute by which it is authorized, (*Williams* v. *Shelby*, 2 Oregon, 144; *Lloyd* v. *State*, Minor (Ala.) 38; *Lawton* v. *State*, 5 Tex. 272; *Owen* v. *Daniels*, 8 Shepley, 180,) must be made returnable to a court having jurisdiction, (*State* v. *Danforth*, Brayton, 140; *Com.* v. *Bolton*, 1 Serg. & R. 328; *Darling* v. *Hubbell*, 9 Conn. 350; *Andress* v. *State*, 3 Blackf. 108; *Lang* v. *State*, Id. 344,) and must state in substance all of the proceedings which show the authority of the court to take it. *Cooper* v. *State*, 23 Ark. 278; *Com.* v. *Loveridge*, 11 Mass. 337; *Vase* v. *Deane*, 7 Mass. 280; *Com.* v. *Otis*, 16 Mass. 198; *State* v. *Smith*, 2 Green. 62; *Daw* v. *Prescott*, 12 Mass. 419; *Thurston* v. *Com.* 3 Dana, 224. It is manifest, therefore, that this bail bond was void upon its face, because it did not contain the condi-

tions required by the statute, but on the contrary required the defendant to do an act which he was under no legal obligation to perform. And even if it be held that a recognizance not exactly in accordance with the statute may be good at common law, (*Phelps* v. *Park,* 4 Vt. 488,) notwithstanding that ruling has been doubted, (*Lloyd* v. *State,* Minor, Ala. 38,) still it is to be remembered that here the conditions are exactly opposite to those prescribed by the statute, and that this proceeding was wholly unknown to the common law.

*Geo. P. Wilson,* Attorney General, and *A. H. Snow,* for respondent.

It seems clear, from the authorities, that courts of general jurisdiction have always had the power to admit to bail before sentence, where there had been conviction of a felony. Except in capital cases such courts have authority, in the absence of any restricting statute, to take security for the appearance before them of any person, at any time, and for any purpose, at and for which such person is in duty and in law bound to appear. 1 Arch. Crim. Pr. & Pl. (7th Ed.) 187; 1 Bish. Cr. Pr. §§ 252; *McNeil's Case,* 1 Caine's R. 72; 1 Bac. Ab. title "Bail;" *Davis* v. *State,* 7 Miss. 399; *Ex parte Dyson,* 25 Miss. 356; *Ex parte Taylor,* 5 Cow. 39; *Com.* v. *Nye,* 7 Gray, 316; *Com.* v. *Field,* 11 Allen, 488, 497; 1 Bish. Crim. Proceed. § 251, notes 1, 2. This common law power has not been abrogated by the clause in the constitution cited by the appellants, (article 1, § 7,) which merely confines the right of the prisoner to demand admission to bail at the stages of his case which proceed conviction, but does not curtail the common law authority of the district court, in its discretion, to admit to bail after conviction. Neither can any statute be found prohibiting the exercise of such power, but, on the contrary, its existence has been clearly recognized by the legislature, and provision made for its use. Gen. St. *c.* 106, § 30.

The instrument in question was not a recognizance upon appeal, and therefore it was not essential that it should con-

tain the conditions required by statute in the event of an appeal. It is further claimed that the defendant could properly be held liable upon a bond which was neither forbidden by statute nor contrary to good morals or public policy, and which was purely voluntary, even if it be conceded that the court had no authority to order its reception. *Croy* v. *Ohio,* Wright, (Ohio,) 135; *Sweetser* v. *Hay,* 2 Gray, 49; *Justices* v. *Smith,* 2 J. J. Marshall, 472; *Supervisors of St. Joseph* v. *Coffenbury,* 1 Mich. 355; *United States* v. *Tingey,* 5 Pet. 115; *Lewis* v. *Stout,* 22 Wis. 234; *People* v. *Kane,* 4 Denio, 530; *Waldo* v. *Spencer,* 4 Conn. 78.

GILFILLAN, C. J. On October 19, 1875, Levy was convicted before the district court in the county of Winona of the crime of larceny of property exceeding $100 in value. The court thereupon, upon his motion, made an order that he be admitted to bail, pending the sentence, in the sum of $1,200.

Pursuant to this order, October 21st, the defendants executed the recognizance sued on, which was conditioned that Levy should appear at the then term of the court, or at any other term of the court when required for that purpose, to receive the sentence of the court on said conviction, and to do and receive what the court should order in the premises; and he was thereupon released from custody.

A motion was made for a new trial, November 8th, and denied, and from the order denying it an appeal was taken, November 16th, to the supreme court. November 22d the supreme court, by order, stayed all the proceedings in the district court. At the April term, 1876, the supreme court affirmed the order denying a new trial, and the cause was remanded to the district court for further proceedings. *State* v. *Levy,* 23 Minn. 104.

Appellants claim that this recognizance is void for two reasons: *First,* because the district court had no jurisdiction to take bail after conviction; *second,* if it has such jurisdiction it can take it only under Gen. St. *c.* 117, §§ 8, 9, which regu-

late the taking of bail on appeal or writ of error, and require that the defendant shall recognize for his personal appearance at the supreme court.

At common law courts of superior jurisdiction possessed the power, though it was exercised rarely, and only where special circumstances existed to justify it, to admit to bail after verdict and before sentence. 1 Bac. Ab. 588, title "Bail;" 1 Bish. on Cr. Pr. §§ 698, 699; 1 Arch. Cr. Pr. & Pl. 187; *McNiel's Case*, 1 Caines' R. 72; *Commonwealth* v. *Field*, 11 Allen, 488.

The same power belongs to the district court unless taken away by the constitution or statute. The clause in the constitution, article 1, § 7, "that all persons before conviction are bailable, except," etc., secures the *right* to be admitted to bail before conviction, but does not affect the power of the court to admit to bail, in its discretion, after conviction. And we find nothing in the statute upon the point, unless it be the sections relied on by appellants in support of their second objection to this recognizance. Section 2 of the same chapter provides that an appeal shall not stay execution of judgment unless an order is made by the judge who tried the cause, or a judge of the supreme court; and section 4, that writs of error shall not stay or delay the execution of judgments or sentence, unless allowed by one of the judges of the supreme court, with an express order thereon for a stay of proceedings on the judgment or sentence. Section 8 prescribes the character of the recognizance, if upon appeal or writ of error the defendant is admitted to bail, whether the bail is allowed by the judge who tried the cause or a judge of the supreme court. The condition must be for the defendant's personal appearance at the next term of the supreme court, and to enter and prosecute his exceptions with effect, and abide the sentence thereon, and in the meantime keep the peace and be of good behavior. Section 9, that if he does not so recognize he shall be committed to prison to await the decision of the supreme court. This excludes the taking,

for the purpose of staying proceedings on appeal or writ of error, of any other bail than that mentioned in section 8. But it does not deprive the district court of its common law power to let to bail on the coming in of the verdict, in order to receive the sentence of that court; a power which does not depend on an appeal or writ of error, as does that given by section 8. The power to take bail, when the circumstances justify it, to enable the court to consider what sentence to pass, or the defendant to move for a new trial, is a useful and beneficial power, and ought not to be held as taken away, unless by express words or necessary implication of statute.

This recognizance was not executed for the purpose of the appeal, nor with any reference to it, but was executed before the order from which the appeal was taken was made. It was valid at its execution, and the subsequent appeal taken by the defendant, and the stay of proceedings by him, could not vitiate it, although the stay operated, perhaps, to prevent temporarily the district court from forfeiting the recognizance; and had the supreme court proceeded to final judgment in the case, such action would have superseded the power of the district court to proceed any further. The return of the case from the supreme court to the district court, for further proceedings, vacated the stay, and from that time the district court could proceed as though the stay had never been granted.

The statute (Gen. St. c. 66, § 216) provides: "When the verdict is given, and is such as the court may receive, the clerk shall immediately record it in full in the minutes, and read it to the jury and inquire of them whether it is their verdict, and if any juror disagrees, the fact shall be entered in the minutes, and the jury again sent out; but if no disagreement is expressed, the verdict is complete and the jury shall be discharged from the case."

In this case the clerk, before recording the verdict, read it to the jury and inquired of them if it was their verdict, to

v.24m—24

which they assented, and were then discharged, and their verdict was then, against the objection of defendants, recorded.

Strictly, it ought to have been recorded first, and then read to the jury. But we do not regard the order in which it is done as matter of substance. The object of the statute is to ascertain if the verdict is unanimous, and to give every juror an opportunity to express his dissent, and this is attained by reading the verdict to the jury and inquiring of them if it is their verdict, although the clerk may not at the time have performed the clerical act of recording it in the minutes. It is impossible to see how the irregularity, if it be one, could have prejudiced the defendants.

We see no error in admitting evidence, nor want of evidence to sustain the verdict.

Order affirmed.