Follett, J.
The plaintiffs in error seek to avoid liability on the recognizance, on the ground that the court had no power to take the same and permit the prisoner to go out of the custody of the sheriff.
The recognizance was the mode by which William Gr. Hampton -was taken from the custody of the sheriff and delivered to the plaintiffs in error, who thereby became entitled to his custody, and they were responsible for his appearance in court as per the terms of the recognizance; and at any time before default they could have taken him by force and surrendered him.
By the common law, all offenses, including treason, are bailable, though the high crimes are so not of right but only in the discretion of the court. 1 Bac. Ab. 588-596; Reg. v. Barronet, Dears. 51; 1 Bish. Cr. Pr. § 256.
There was complaint that this judicial discretion was abused to the great damage of prisoners, even by Lord Mansfield ; and, to guard as far as possible the rights of individuals, the people of Ohio placed in her constitution, section 9 of the Bill of Rights, the following: “All persons shall be bailable *404 by sufficient sureties, except for capital offenses where the proof is evident, or the presumption great.”
This fundamental provision the laws and the courts carefully guard. The only other restrictions upon the exorcise of this power are the following statutes: In cases of misdemeanor, the Revised Statutes, by § 7321 and § 7322, provide that the execution of a sentence or judgment may be sus. pended on giving a proper recognizance ; and, in cases of felony, the Revised Statutes, § 7325, provide: “.When a person is sentenced for a felony, and execution of the sentence is suspended, the court shall order him into the custody of the sheriff to be imprisoned until the case is disposed of.”
The power to admit to bail is amply given to the courts, and is incidental and necessary to the due administration of justice; and this power is not taken away until the prisoner, found guilty of a felony, has been sentenced.
Thus it is clear that after conviction and until sentence, the court has power to admit to bail. The object of bail is to secure the appearance of the one arrested when his personal presence is needed; and, consistently with this, to allow to the accused proper freedom and opportunity to prepare his defense. The punishment should be after the sentence.
We do not say that after a verdict of guilty of felony, the prisoner, on tendering sufficient bail, can demand as of right his discharge from the sheriff’s custody, pending his motion for a new trial; we only say, the court, in the exercise of a wise judicial discretion, may so admit to bail.
The court might be satisfied that the testimony did not warrant the verdict of guilty, or that the prisoner’s life would be endangered by his imprisonment. This position is established by numerous authorities both English and American, some of which are cited in 1 Bishop on Criminal Procedure, § 256. The case of State v. Levy, 24 Minn. 362, fully sustains this decision. See also Ohio v. Summons, 19 Ohio, 139, where it is held that: “ The court will not, as a matter of course, admit to bail because the jury in a trial for murder have not agreed upon a verdict. If the evidence exhibited on the hearing of the application, be of so weak a character that it *405 •would not sustain a verdict of guilty against a motion for a new trial the court will admit to bail.” And our laws do not prohibit this power until aftor sentence. Rev. St. § 7325. And in all cases of felony after verdict of guilty, the court, on application to admit to bail, will take into account the verdict rendered in the case, and in the light of all the facts can administer justice by a due exercise of judicial discretion and legal power.
In this case the court had power to take the recognizance, and the plaintiffs in error are bound by' their obligation.

Judgment affirmed.