STODDARD, Plaintiff in error, vs. THE STATE, Defendant in error.

*May 27—June. 20, 1907.*

*Criminal law: Larceny: Evidence: Confessions: Intent: Right of accused to be present when verdict is received: Waiver: Arguments of counsel.*

1. Statements made to the sheriff by one arrested for stealing a horse and buggy, admitting that he took them and drove away, are *held* to have been admissible in evidence, it not appearing that such statements were not voluntary or that there had been made to the accused anything in the nature of a promise that it would be for his advantage to make them.

2. The evidence in this case (tending to show, among other things, that defendant took the horse and buggy of another without his consent, in the nighttime, and drove with them some miles into the country, where they were found abandoned, with the buggy tipped over on its side and broken) is *held* to have warranted the jury in finding his felonious intent to steal the property.

3. The right of one accused of a felony to be present when the verdict of the jury was received is *held* to have been waived by him where, being out on bail, he voluntarily absented himself from the court room so that he did not hear the customary signal by ringing of the courthouse bell to announce that the jury had agreed, and the court officers could not find him after reasonable search, and the court, after waiting half an hour, received the verdict in the presence of his counsel, who, though objecting to its reception, had the jury polled.

4. A remark by the prosecuting attorney in his argument to the jury, relating to the handcuffs used when defendant was arrested, that they were not larger than a good many things defendant carried in his pockets, is not shown to have been prejudicial, it not appearing under what circumstances or in what connection the remark was made.

ERROR to review a judgment of the circuit court for Richland county: GEORGE CLEMENTSON, Circuit Judge. *Affirmed.*

On September 14, 1900, plaintiff in error was convicted, in the circuit court for Richland county, of stealing a horse, a buggy, and a harness, the property of one Erotus Chandler. The information charges that he on June 30, 1906, committed this offense, in violation of sec. 4416, Stats. (1898). There was a motion for a new trial, and a motion in arrest of judgment for error committed on the trial. Both of these motions the court denied. The accused was sentenced to confinement in the state prison for two years.

The evidence adduced shows that plaintiff in error is a man about twenty-five years of age, residing on a farm about six miles from the city of Richland Center. On June 30, 1906, he was at Richland Center during the greater part of the day and a part of the evening. Mr. Erotus Chandler

was at Richland Center this evening. He drove his bay mare, hitched to a single top buggy. When he arrived in the city he hitched the mare in a hitching yard back of one of the city stores. This was about 8 o'clock in the evening. At about 11 o'clock he returned to this yard for his rig, and then discovered that the mare and the buggy were gone. He had given no permission nor authorized any one to take the mare and buggy. He notified the officers of the disappearance, and upon search by him, the officers, and others the buggy and harness were found in a highway about six miles from the city. The buggy was tipped over on its side and was somewhat broken. The harness was near the buggy, broken and cut. The mare was found some distance from the buggy. This was on the road leading from Richland Center to the home of the plaintiff in error. One witness testified that he had known the plaintiff in error for eight or ten years; that about 10 o'clock the evening this horse and buggy were taken, while standing at the side of his horse adjusting a part of the harness of his horse, which was hitched in this yard near Chandler's rig, he saw the plaintiff in error come into the yard, pass by him at a short distance, step up to a rig consisting of a single top buggy, hitched next but one to his rig, and then drive it away; that he did not know whose horse and buggy it was; and that neither he nor the plaintiff in error spoke to the other. There is testimony that at about 11 o'clock that evening plaintiff in error, while on his way home, met persons in the highway at a point beyond where the buggy and horse were found. The sheriff and another testified that the accused stated after arrest that he took the horse and buggy. On trial he denied having made these statements and denied having taken the horse and buggy, and denied having been in the hitching yard at any time during this day and evening. His father and mother state that on his way home he stopped at their home, some three miles from Richland Center, and had a drink of water and some-

thing to eat. They were contradicted by evidence tending to show that they stated before the trial that he had not been there that evening. Plaintiff in error also testified that on his way home he met a Mr. Cook in the highway at a point beyond where the buggy and horse were found, but that he had seen no buggy in the highway. He prosecutes this writ of error from this court, and avers that the judgment of conviction should be reversed because the verdict is not sustained by the evidence and because of errors committed upon the trial.

*L. H. Bancroft,* for the plaintiff in error, to the point that the accused cannot waive his constitutional right to be present at the taking of every essential or important step throughout the trial, cited *Prine v. Comm.* 18 Pa. St. 103; *State v. Jenkins,* 84 N. C. 812; *Sneed v. State,* 5 Ark. 431; *Cook v. State,* 60 Ala. 39; *State v. Smith,* 90 Mo. 37; *Andrews v. State,* 2 Sneed (34 Tenn.) 550; *Hamilton v. Comm.* 16 Pa. St. 129; Clark, Crim. Proc. 424, 425, and cases there cited.

For the defendant in error there was a brief by the *Attorney General* and *A. C. Titus,* assistant attorney general, and oral argument by *Mr. Titus.* To the point that the verdict was properly received in the absence of the accused, they cited 1 Bish. Crim. Proc. § 272; *Fight v. State,* 7 Ohio, 180; *State v. Wamire,* 16 Ind. 357; *Price v. State,* 36 Miss. 531; *Gales v. State,* 64 Miss. 105, 107; *Shular v. State,* 105 Ind. 289, 300; *Barton v. State,* 67 Ga. 653. See, also, *McCorkle v. State,* 14 Ind. 39. On questions of waiver by a defendant in a criminal case, see *State v. Vogel,* 22 Wis. 471; *Williams v. State,* 61 Wis. 281; *In re Staff,* 63 Wis. 285, 295; *State v. Kaufman,* 51 Iowa, 578; *State v. Sackett,* 39 Minn. 69; *In re Roszcynialla,* 99 Wis. 534; *Rowan v. State,* 30 Wis. 129; *Bonneville v. State,* 53 Wis. 680; *Emery v. State,* 101 Wis. 627, 645; *Cornell v. State,* 104 Wis. 527; *Flynn v. State,* 97 Wis. 44; *Schwantes v. State,* 127 Wis. 160, 174.

SIEBECKER, J.   The evidentiary facts were such that the jury were justified in inferring that plaintiff in error took the horse and buggy at the time alleged without permission or authority from the owner, and drove the horse from Richland Center into the country to the place in the public highway where the buggy and harness were found some time shortly after 11 o'clock that night.

It is urged that the evidence of the sheriff and another witness, to the effect that the plaintiff in error made statements at the time of his arrest and after confinement in the county jail admitting that he took this rig into his possession and drove it away, should not have been admitted.   Plaintiff in error denies having made any such statements.   The circumstances testified to as having existed at the time they were made disclose nothing in the nature of any promise that it would be for his benefit or advantage to make them, nor does it appear but that, if made at all, they were made voluntarily by him.   We discover nothing in the nature of the statements claimed to have been so made, or in the circumstances under which they are alleged to have been made, that affects their competency as evidence in the case.

It is contended that the evidence in its aspect most favorable to show guilt is not sufficient to establish that, if the accused in fact took the horse and buggy as charged, he did so with the intent of permanently depriving the owner of his property, and that the evidence at most sustains no finding other than that such taking constituted a mere trespass.   This is urged upon the theory that the evidence is conclusive on the point that, if he took this property from the owner without his consent, it was for the purpose of driving the rig for some miles out of the city, and then of abandoning it with no intention of depriving the owner of it permanently.   In submitting the case the trial court instructed the jury that the intent of the accused at the time of the taking of the property was an important fact, and that before they could

convict him of the offense charged they "must be convinced by the evidence, beyond a reasonable doubt, that at the time he took it he took it intending wholly to deprive the owner of this property and without an intention to return it." This stated the rule governing the case as favorably under the evidentiary facts as plaintiff in error could demand, and leaves no room for doubt that the jury found as a fact that the accused did take the property with the felonious intent, at the time he took it, of depriving the owner of it permanently. An examination of the evidence persuades us that the jury were warranted in concluding, from all the evidentiary facts and circumstances, that at the time the accused wrongfully took this property he did so with the felonious intent of stealing it. *Hill v. State,* 57 Wis. 377, 15 N. W. 445.

It is contended that the court erred in receiving the verdict in the absence of the plaintiff in error. The record discloses that the jury retired to deliberate on their verdict at 9 o'clock in the forenoon, and at about 4:30 o'clock in the afternoon they announced to the judge that they had agreed upon a verdict. Thereupon the court ordered the courthouse bell to be rung to notify counsel and plaintiff in error thereof, and directed deputies to find and notify them of the jury's agreement on a verdict and to appear in court. After waiting about thirty minutes the court was informed by the officers that plaintiff in error could not be found, and, so far as they had ascertained, he had gone out of the city to his father's house, some two miles distant from the courthouse. He was at liberty on bail. The court then received the verdict in his absence. His attorney was present and objected to the reception of the verdict. After it was announced by the jury, upon his request the jury was polled. The right of the accused to be present at all stages of his trial in felony cases is well recognized, and, as a consequence, he could not be deprived of this right. In this case the facts show that plaintiff in error voluntarily absented himself from the

court room and its immediate vicinity in such manner that he did not hear the usual call by bell announcing that the jury had agreed upon a verdict. The court's officers, after a reasonable search, were not able to find him to inform him that the jury were prepared to report the verdict they had agreed upon. In effect this conduct is a waiver of his right to be present, if he can in law so waive it. The decisions are not uniform upon the question of his power to so waive it. In *Hill v. State,* 17 Wis. 675, the accused was tried for the larceny of several United States treasury notes. He had been present during the trial, and was in the court room when the jury appeared and announced that they had agreed upon a verdict. The court directed them to retire and put their verdict in writing. They did so, and soon thereafter, when they returned into court to deliver a written verdict, the accused had absented himself from the court room. His attorney, however, was present and had the jury polled. On appeal to this court he averred that the reception of the verdict in his absence was prejudicial error. It is there stated:

"It is undoubtedly true that every person tried for a felony has the right to be present at the trial, and the whole of it; and if he should be deprived of this right without his consent it would be erroneous."

The court held that the right is one which a defendant may voluntarily waive, to the extent at least of absenting himself during a portion of the trial. We find this holding is supported in other jurisdictions and discover no grounds why it should not be adhered to. The remarks of the court upon this question in the case of *Sahlinger v. People,* 102 Ill. 241, 247, under similar circumstances, are applicable to the facts before us:

"The defendant was not imprisoned, nor was he prevented by any improper means from being present when the verdict was rendered. He voluntarily and wrongfully absented himself, and he cannot now claim any advantage on account of such absence."

Other cases sustaining this ruling are the following: *Fight v. State,* 7 Ohio, 180; *Price v. State,* 36 Miss. 531; *Barton v. State,* 67 Ga. 653; *State v. Wamire,* 16 Ind. 357; *State v. Kelly,* 97 N. C. 404, 2 S. E. 185; *State v. Guinness,* 16 R. I. 401, 16 Atl. 910; 1 Bishop, New Crim. Proc. § 266 *et seq.*

An exception is urged to the remark of the district attorney upon argument to the jury concerning the handcuffs the sheriff used when he arrested the plaintiff in error, that "they are not larger than a good many things that *Mr. Stoddard* carries in his pockets." This statement is presented without the other statements given in connection with it, and it does not appear whether it was in reply to criticisms of the sheriff or in explanation of some other suggestion by counsel or court. We are of opinion that this remark could in no way have had any prejudicial effects on the minds of the jury. It cannot be considered as constituting prejudicial error in the case.

We discover no reversible error in the record.

*By the Court.*—Judgment affirmed.