## STATE v. WILLIAM GORMAN.[1]

February 3, 1911.

Nos. 16,972—(259).

**Absence of accused when verdict was returned.**

    The defendant was on trial for a felony, and was personally present at all times until the jury retired to consider their verdict. He then left the court-

[1]Reported in 129 N. W. 589.

room, being on bail, and unlawfully absented himself therefrom. The court, eighteen hours after the jury had agreed upon a verdict, and after exhausting all reasonable means to secure his presence in court, received the verdict in his absence. *Held*, that by his conduct he waived his right to be present, and that the court did not err in so receiving the verdict, nor in asking the jury, when they came into court after they had agreed, to be patient until the defendant arrived.

Defendant was indicted by the grand jury for Hennepin county for the crime of assault in the second degree. The case was tried before Dickinson, J., and a jury which returned a verdict of guilty under the circumstances stated in the opinion. From an order denying defendant's motion for a new trial, he appealed. Affirmed.

*John F. Bernhagen,* for appellant.

*George T. Simpson,* Attorney General, and *James Robertson,* County Attorney, for the State.

START, C. J.

The defendant was indicted and convicted in the district court of the county of Hennepin of an assault in the second degree, and it was adjudged that as punishment therefor he be confined at hard labor in the state's prison for a term of five years. He appealed from an order denying his motion for a new trial. The appeal does not involve any question of the sufficiency of the evidence to establish his guilt, or any error in his trial up to the time the jury, through the officer in charge of them, notified the court that they had agreed upon a verdict. The alleged error relied upon for a reversal of the order is that the court erred in communicating with the jury before receiving the verdict, and in receiving it in the absence of the defendant.

The defendant was duly arraigned upon the indictment, pleaded not guilty, gave the usual bail bond, and was released from custody. He was personally present in court when his case was called for trial, and was so present at all times until after the jury were instructed and retired in charge of an officer to consider the case, on April 1, 1910. The jury, on the same day, and at 5:30 p. m., advised the court that they had agreed upon a verdict; but, the de-

fendant not then being in court, they were kept out all night. On the next morning, at 10:30 o'clock, they were called into court, at which time proceedings were had to the effect following:

"The Court: Send for the defendant. Now, gentlemen, we will have to ask you to be patient until the defendant arrives.

"A Juror: Your Honor, may I address the court?

"The Court: Yes; but we cannot take any verdict, you understand."

A Juror: Well, this seems to be a rather peculiar proceeding. Supposing the defendant does not show up for several days, or weeks; what then? Are we to remain as prisoners?

The Court: We do not want to discuss the case in the absence of the defendant. But you will not be detained a great while longer. You can remain in your places, if you can be more comfortable. I think we will have the courtroom cleared for the present, and keep the jury in this room. Would you rather remain here in this room?

They signified that such was their wish. At 11:45 a. m. the court said to the jury: "The defendant is not present. Ever since the court was informed that you had agreed on a verdict and were ready to deliver it last night, * * * we have been ransacking the town to discover the whereabouts of the defendant. Having exhausted every means to have him here, we will receive the verdict at this time." The jury then returned the following verdict: "We, the jury, find the defendant guilty of the crime of assault in the second degree." The defendant and his sureties were then called and his bond declared forfeited, and a bench warrant issued for his arrest. He was arrested on April 17, 1910, and judgment awarded upon the verdict as stated. He wilfully absented himself from the court from the time of the submission of the case to the jury until finally arrested on the warrant.

Was it error to receive the verdict in the absence of the defendant in view of the exceptional circumstances under which it was received? This is an important question, and one of first impression in this state.

On a trial for a felony the defendant shall be personally present. R. L. 1905, § 5358. The reception of the verdict in such a case is

a material part of the trial to the defendant; for he is entitled, on request, to have the jury polled. Section 5373. If the defendant be in custody and is not personally present when the verdict is received it is reversible error; for the court, and not he, in such a case commands his jailer. Where, however, he has been released on bail, he orders his own movements outside of the courtroom. Can he in such a case wilfully absent and conceal himself, and then urge that a verdict, received in open court in his absence, after waiting and searching eighteen hours for him after the jury had agreed, is void because he was not present when it was received? This is the precise question presented by the record. We are of the opinion, on principle and authority, that it must be answered in the negative. The defendant cannot take advantage of his own wilful wrong to defeat the ends of justice, and must be held to have waived, by his misconduct, his right to be present when the verdict was received. Com. v. McCarthy, 163 Mass. 458, 40 N. E. 766; Frey v. Calhoun, 107 Mich. 130, 64 N. W. 1047; Sahlinger v. Illinois, 102 Ill. 241; State v. Perkins, 40 La. Ann. 210, 3 South. 647; Stoddard v. State, 132 Wis. 520, 112 N. W. 453; State v. Way, 76 Kan. 928, 93 Pac. 159, 14 L.R.A.(N.S.) 603; Barton v. State, 67 Ga. 653, 44 Am. Rep. 743; Lynch v. Com., 88 Pa. St. 189, 32 Am. Rep. 445.

Many of the cases cited in support of the defendant's contention belong to the class which hold, and rightly so, that where the accused is in custody, and is not present when the verdict is received, it is reversible error. There are, however, a few cases, comparatively, which hold that it is immaterial whether the absence of the accused is voluntary or otherwise, and that a verdict cannot be received in his absence under any circumstances. We cannot follow these exceptional cases, for they are unsound in principle, and an apotheosis of technicality.

It is further urged by the defendant that the statement made to the jury when they came into court was reversible error. We hold otherwise. This was not a case where the judge went to the jury room and communicated with the jury, as was done in the case of Hoberg v. State, 3 Minn. 181 (262), but one where the jury had agreed upon their verdict, and had come into court, and were impatient to deliver

it. No further instructions were given to the jury, nor any reference made to the case, except an appeal to the jury to be patient until the defendant arrived. It was not until the court had decided to receive the verdict that the jury were informed that the defendant was not present, and that every means to find him had been exhausted, and immediately upon saying this the verdict was received.

Order affirmed.

JAGGARD, J., took no part.