## STATE v. OSCAR KNUTSON.[1]

### November 30, 1928.

### No. 26,872.

**Defendant out on bail should be notified of return of verdict in felony case.**
When the jury in a felony case fails to return a verdict while court is in regular session and the court directs the bailiff in charge of the jury to notify the court, clerk, and county attorney of an agreement, such direction should include the defendant out on bail and his attorney, to the end that they be present when the verdict is received. The remedy for nonobservance of this practice should be a motion for a new trial and not a motion to set aside the verdict, which would mean an acquittal.

Criminal Law, 16 C. J. § 2070 p. 816 n. 63; § 2613 p. 1116 n. 70; § 2705 p. 1178 n. 49.

---

See note in 14 L.R.A.(N.S.) 603; 32 L.R.A.(N.S.) 306; 8 R. C. L. 93.

[1]Reported in 222 N. W. 277.

Defendant appealed from a judgment of the district court for Douglas county, Roeser, J. adjudging him guilty of adultery. Affirmed.

*Frankberg, Berghuis & Frankberg,* for appellant.

*G. A. Youngquist,* Attorney General, *James E. Markham,* Deputy Attorney General, and *Ralph S. Thornton,* County Attorney, for the state.

HOLT, J.

A verdict of guilty was returned against defendant, tried upon an information charging adultery. When brought before the court for sentence, he moved that the verdict be set aside on the ground that he was not in court when it was returned. The motion was overruled, and he appeals from the judgment.

The record or bill of exceptions presents the sole question, whether a valid verdict can be returned in a felony case unless the defendant is present in court. The record is in substance this: Defendant was at liberty on bail. The case was submitted to the jury in the afternoon of a Saturday. The jury reported an agreement at 1:30 Sunday morning. The judge, clerk, and county attorney were notified. The verdict was received by the court and the jury discharged before the clerk arrived. Defendant's attorney had left for his home at Fergus Falls, but had informed the court that a local attorney at Alexandria, the place of the trial, would appear for him if any situation developed where it was necessary that defendant be represented. Defendant himself had made arrangement with the clerk and bailiff in charge of the jury to be called by telephone in case the jury agreed on a verdict. The place where defendant could so be reached was within a few blocks of the courtroom. When the bailiff was informed that the jury had agreed, no effort was made by him to notify defendant, for the reason that before the judge left the courthouse the bailiff asked him whether defendant should be notified in case of an agreement and was told that it was not necessary. The courthouse and courtroom were at all times open from the submission of the cause to the jury until the verdict was received. The record does not show that the court was informed by

the bailiff or clerk of defendant's request that he be notified of the jury's agreement. Indeed the record is not clear as to whether defendant wished to be notified so he could be present when the verdict was read, or simply wished to be notified over the telephone of the contents of the verdict.

A defendant on trial for a felony has a right to be present in court at every step of the proceeding, including the rendition and recording of the verdict. G. S. 1923, § 10705. If in custody the verdict could not be received in his absence. No decision is to the contrary. But if not in custody, his voluntarily absenting himself from the courtroom would not prevent the return of a valid verdict. State v. Gorman, 113 Minn. 401, 129 N. W. 589, 32 L.R.A.(N.S.) 306. He has a right to be present so that he can have the jury polled before the verdict is recorded, G. S. 1923, § 10720. This is a substantial right. But a defendant at liberty on bail may waive the right of being present. He is chargeable with knowledge of the statute that the court is always "considered open, for all purposes connected with the cause submitted, until a verdict is rendered or the jury discharged." G. S. 1923, § 9300. Applying the strict letter of the law, it was defendant's duty to remain in the courtroom until the jury returned the verdict. But often those on trial for crimes are ignorant of their legal duties and rights, and courts as a rule guard against advantage being taken of such ignorance. We all know that no one can safely predict the time it will take a jury to agree upon a verdict. Quite often verdicts are returned at unseasonable and unexpected hours. To prevent unnecessary hardship to jurors and others, when a jury in a felony case remains out after the close of a court session for the day, the judge, attorneys and court officers make arrangements to be called when an agreement is reported. There is no reason why this privilege should not be extended to a defendant out on bail. In the instant case the county attorney was notified; but although the record suggests that the court was informed that a local attorney was to represent defendant in the absence of the one who tried his cause, there is no claim that any attempt was made to notify the local

attorney. We had thought the practice to be general in this state that trial courts in felony cases, where the defendant is out on bail, do not receive verdicts, discharge juries, or communicate with juries in the absence of the defendant or his counsel and without attempting to notify them. State v. Gorman, 113 Minn. 401, 129 N. W. 589, 32 L.R.A.(N.S.) 306, shows that there the trial court made every effort to find and have the defendant in court when the verdict was received. In Clemens v. State, 176 Wis. 289, 185 N. W. 209, 21 A. L. R. 1490, the court held valid the verdict returned in the absence of the accused; but there the court had warned him and his counsel that if the jury reached a verdict before nine or ten o'clock he should be in attendance to receive it, and he caused counsel for accused to be notified by telephone when the jury was ready to return its verdict and then waited a reasonable time for them to arrive before accepting the verdict. The court said [176 Wis. 313]:

"Both the accused and his counsel were vitally interested in this verdict, and both had received due notice of the agreement of the jury and the readiness of the court to receive the verdict. It would be unfair, under the circumstances, to expect the court to wait an unreasonable length of time. Both the accused and counsel absented themselves voluntarily, and we are therefore of the opinion that the right of the accused and his counsel to be present at the time of the reception of the verdict and the right to poll the jury, under the decisions of this court in Stoddard v. State, 132 Wis. 520, 112 N. W. 453, 13 Ann. Cas. 1211; Hill v. State, 17 Wis. 675, 86 Am. D. 736, was waived."

Neither the Clemens case, 176 Wis. 289, 185 N. W. 209, 21 A. L. R. 1490, nor the Gorman case, 113 Minn. 401, 129 N. W. 589, 32 L.R.A.(N.S.) 306, go further than holding that after reasonable efforts to notify a defendant at liberty on bail that the jury is ready to render a verdict in his trial the court, if efforts fail, may receive the verdict in his absence. We do not think it proper practice to go beyond this. The course pursued in the instant case is so irregular, loose and contrary to the usual procedure in felony trials by the district courts of our state that had it been made the basis

of a motion for a new trial a new trial should have resulted.    But no motion for a new trial was made.    A trial has been had and defendant has been found guilty of the crime charged against him by a jury.    There is no suggestion that the evidence does not sustain the verdict.    Should the misstep or irregularity in receiving the verdict in defendant's absence forever free and absolve him from all punishment for the crime he has committed?    This would have been the result had his motion to set aside the verdict prevailed, or if the judgment is now reversed; for he could then successfully plead, as he intimates, former jeopardy should the state thereafter attempt to hold him accountable for the crime.    The consequence of a reversal of this judgment would be a miscarriage of justice.

The judgment is affirmed.