## STATE v. JOHN L. DINGMAN.[1]

April 19, 1929.

No. 27,337.

W. J. McLeod, A. R. English and Hall & Catlin, for appellant.

G. A. Youngquist, Attorney General, James E. Markham, Deputy Attorney General, and R. W. Terry, County Attorney, for the state.

TAYLOR, C.

Defendant was convicted of the crime of an attempt carnally to know a female under the age of 18 years, and appeals from an order denying a new trial. He rests his appeal on the fact that the court received the verdict and discharged the jury when neither he nor his attorneys were present and when the clerk of the court was not present to record the verdict. As he was on trial for a felony, the statute gave him the right to be present when the verdict was returned and to poll the jury unless he waived that right. G. S. 1923 (2 Mason, 1927) § 10705; State v. Knutson, 175 Minn. 573, 222 N. W. 277.

[1]Reported in 225 N. W. 82.

The trial was held at Slayton in Murray county. Defendant was at liberty on bail and resided in Slayton where he conducted a hotel. He was represented at the trial by three attorneys—Messrs. W. J. McLeod of Slayton, A. R. English of Tracy, and James H. Hall of Marshall. The jury retired in the afternoon of December 12, 1928, and returned their verdict about seven o'clock on the following morning. On December 27, 1928, defendant presented a proposed case for settlement and allowance, and at the same time submitted a motion to set aside the verdict and for a new trial. The proposed case submitted consisted of the reporter's transcript of the evidence and six affidavits attached to the notice of the application. The reporter's transcript contained only the proceedings prior to the retirement of the jury, and the affidavits—one by each of defendant's attorneys, one by defendant, one by the bailiff in charge of the jury, and one by the clerk of the court—were submitted as showing what occurred thereafter. These affidavits were not included in the settled case, but the court incorporated therein a statement from which it appears that after the jury retired Messrs. English and Hall stated to the court "that they did not care to wait for the verdict, or to be represented when the jury should return a verdict; but if it was a verdict of guilty, that then the court should notify A. R. English at Tracy and give him time to be present when sentence was pronounced;" that "the court thereby understood that the defendants waived their right to be present at the time of the bringing in of the verdict;" that the clerk being ill the court did not deem it necessary to call him at that early hour, "as the defendant was not being represented;" that the bailiff did not inform the court that he had been requested to notify Mr. McLeod and the defendant; that the judge received the verdict and read it to the jury and asked them if it was their verdict and that each juror answered in the affirmative; that as soon as the clerk appeared the verdict was handed to him and recorded; and that neither the defendant nor his counsel nor the clerk were present until after the verdict had been received and the jury discharged.

The settled case imports verity and is conclusive upon this court as to what took place in the court below, and cannot be varied or supplemented by affidavits as to such matters. If incomplete or inaccurate, the remedy is by a direct proceeding to amend or correct it. Hemstad v. Hall, 64 Minn. 136, 66 N. W. 366; State v. Ronk, 91 Minn. 419, 98 N. W. 334; Haidt v. Swift & Co. 94 Minn. 146, 102 N. W. 388; State v. O'Hagan, 124 Minn. 58, 144 N. W. 410. The settled case however covers only the proceedings in court, and matters occurring outside of court may be shown by affidavit. The affidavits show that after the jury retired Messrs. English and Hall returned to their homes, but before leaving informed the bailiff that McLeod and the defendant would remain in Slayton to be present when the verdict was returned and requested him to notify McLeod and the defendant when the jury was ready to report; and that the bailiff failed to notify either of them although both could have been reached by telephone. We think this arrangement, made outside of court, could be shown by affidavits and is persuasive that defendant intended to be present when the verdict was returned.

The case of State v. Knutson, 175 Minn. 573, 222 N. W. 277, was much like the case at bar. In that case the defendant's attorney returned to his home in another city after the jury retired but informed the court that a local attorney would appear for him if it became necessary for the defendant to be represented. The defendant arranged with the clerk and bailiff to be called by telephone if the jury agreed, but the court was not informed of this arrangement, and neither the defendant nor the local attorney was notified. The court, after considering State v. Gorman, 113 Minn. 401, 129 N. W. 589, 32 L.R.A.(N.S.) 306, and Clemens v. State, 176 Wis. 289, 185 N. W. 209, 21 A. L. R. 1490, said [175 Minn. 576]:

"Neither the Clemens case * * * nor the Gorman case * * * go further than holding that after reasonable efforts to notify a defendant at liberty on bail that the jury is ready to render a verdict in his trial the court, if efforts fail, may receive the verdict in his absence. We do not think it proper practice to go beyond this. The course pursued in the instant case is so irregular, loose and

contrary to the usual procedure in felony trials by the district courts of our state that had it been made the basis of a motion for a new trial a new trial should have resulted. But no motion for a new trial was made."

In the present case the motion was for a new trial. The court inferred from the statement of Messrs. English and Hall that defendant did not intend to be present; but they did not so state, and neither defendant nor his local attorney were parties to that conversation or intimated to the court in any way that they did not intend to be present. If the whereabouts of a defendant at liberty on bail are unknown to the officers and they are unable to notify him after a reasonable effort to do so, as in the Gorman case, 113 Minn. 401, 129 N. W. 589, 32 L.R.A.(N.S.) 306, he may well be deemed to have waived the right to be present when the jury report; otherwise it might be within his power to defeat the trial by absconding or concealing himself. And perhaps he may be deemed to have waived that right if he voluntarily absents himself from a regular or previously appointed session of the court. Here the court convened at an unusual hour of which no notice had been given. The defendant was near by expecting to be notified and could be reached by telephone. No attempt having been made to give him notice, we are unable to say that he can be declared to have waived the right to be present given him by the statute. The facts bring this case within the principle stated in the Knutson case, 175 Minn. 573, 222 N. W. 277.

In respect to the point that the clerk was not present and did not record the verdict until after the jury had been discharged, it is sufficient to say that it was decided as long ago as State v. Levy, 24 Minn. 362, that discharging the jury before recording the verdict is an irregularity only and without prejudice to the defendant. But for the reason that the verdict was received in the absence of the defendant and he had not waived his right to be present, the order must be and is reversed and a new trial granted.