STATE, Respondent, v. RUSSELL, Appellant.

*September 12—October 7, 1958.*

For the appellant there was a brief by *Warne, Duffy, Dewane, Miller & Gerlikowski* of Green Bay, and oral argument by *Edwin A. Gerlikowski* and *William J. Duffy*.

For the respondent there was a brief by the *Attorney General* and *William A. Platz,* assistant attorney general, and *J. Robert Petitjean,* district attorney of Brown county, and oral argument by *Mr. Petitjean.*

HALLOWS, J. The appellant's main contention is that the court erred in instructing the jury in the absence of counsel. The jury retired to deliberate about 11:05 a. m. In his affidavit counsel states that he informed the court that when the jury came in he would be in his office and requested the court have someone call his office as he desired to be present. The court reporter after lunch called defendant's counsel to inquire if he desired to be called when the jury came in and he told the reporter he would be available at his office. Counsel was in his office about a block from the courthouse from 12:30 p. m. to 3:30 p. m. About 1:45 p. m. the jury asked the trial judge to repeat the instructions regarding criminal intent. The court read part of the instructions, leaving out the formal parts. Defense counsel was not notified and was not present, although the defendant was present. Apparently the trial judge did not receive the request or understood the request to mean when the jury came in with a verdict. The court stated in ruling on the motion for a new trial that it had been the practice in civil action for the court to give additional instructions without the presence of counsel and he was of the opinion the same rule of practice was applicable in criminal cases, namely, the attorneys did not desire to be present when additional instructions were requested, with the result that he inadvertently omitted to notify defendant's counsel. The judge further stated that if defendant's counsel had made the request he would have accommodated him. However, defendant's counsel was present when the jury came in with the verdict at 3:28 p. m. Appellant relies on *Smith v. State* (1881), 51 Wis. 615, 8 N. W. 410. In that case after the jury had retired, defendant's counsel remained

in the courtroom until a late hour at night, then went to his office a short distance from the courtroom and went to bed. The jury came in before 7 o'clock the next morning with a verdict, which was received by the court. The jury was discharged without having been polled and the defense counsel was not notified. Counsel did not learn the verdict had been rendered until the opening of the court at 9 o'clock in the morning, when it was too late to poll the jury. When the jury came in to render their verdict the undersheriff asked the judge if he should notify defendant's counsel and the judge told him that was not necessary. The court held it was reversible error to refuse defendant's motion for a new trial. The court pointed out that the verdict was received at a time when the court was not in regular session and should not have been received until counsel for the defendant had been notified of the fact.

In *State v. Biller* (1952), 262 Wis. 472, 55 N. W. (2d) 414, the jury retired at 10:19 a. m. and returned at 2:25 p. m. for additional instructions, which were given when three of the four defendants were not present. At that time these defendants were outside on the courthouse lawn awaiting the verdict. The court held that by such voluntary absence the three defendants waived their rights to be personally present at the giving of such additional instructions. The *Biller Case* cited and also relied on *United States v. Noble* (D. C. Mont. 1923), 294 Fed. 689, affirmed, *Noble v. United States* (9th Cir. 1924), 300 Fed. 689. In the district court case instructions to the jury were concluded at 5 p. m. and as a part thereof the court stated it would be in attendance until 9 p. m. for any supplementary instructions the jury might require. At 7:50 p. m. the jury requested that their recollection of the evidence and instructions be refreshed, which was done by the court in session but the defendants and their counsel were not present. The next day at 11 a. m. the jury again requested instructions, which

were given, but neither the defendants nor counsel were in attendance. At 1 p. m. the jury returned its verdict. The court pointed out that it was a rule of the court for more than twelve years that when the defendants were on bail and were present when the criminal trial began, the defendants and their counsel thereafter controlled their own movements, in particular while the jury deliberated upon its verdict; that at any reasonable time the court would sit to grant any of the jury's request to refresh or supplement instructions, and that the court neither searched nor waited for defendants or counsel. The court stated there was no error in giving the additional instructions under these circumstances. On appeal the circuit court of the Ninth circuit held there was no reversible error in the trial court giving the additional instructions in the absence of counsel and defendant, and no error was pointed out in the additional instructions which were given.

While counsel has a right and perhaps a duty to be present when a jury comes in for additional instructions, such right may be waived. What amounts to waiver depends on the facts in each case. *Stoddard v. State* (1907), 132 Wis. 520, 112 N. W. 453; *Clemens v. State* (1922), 176 Wis. 289, 185 N. W. 209. Counsel must assume the risk of his own arrangements with the court reporter or other personnel to be called when the jury comes in for additional instructions or with a verdict if he absents himself from the courtroom during the regular session of the court or during other times at which counsel is expressly advised that the court may sit. If counsel is absent the judge may presume it is voluntarily and a waiver unless he knows to the contrary or personally has taken the responsibility to see that counsel is notified or there are court rules governing the situation. Responsibility cannot be placed upon the court by counsel to be called or searched out when he knows the court is in session.

No objection by counsel was made to the original instructions which were given nor did he make any request for a modification thereof or for additional instructions. The repeating of the instructions by the trial court without the formal parts at the request of the jury is not reversible error under the circumstances of this case.

The defendant contends the verdict is against the evidence. A review of the record convinces us there was substantial evidence of guilt in addition to the confession. The testimony of the defendant of his sick and drunken condition is unconvincing and the jury could well have disbelieved it. Other evidence showed the door was chipped at the lock. When the defendant was seen at about 12:15 a. m. by two policemen he was facing the door with his arms moving and something shiny in his hand, and when surprised by the policemen, ran a considerable distance before being apprehended. A crowbar and a screwdriver were found near the route taken by the defendant in his flight. These and the other facts taken with the confession of complete guilt would warrant the jury in returning its verdict of guilty.

The appellant claims error in excluding evidence regarding the circumstances surrounding the confession. This assignment cannot be considered by this court in the absence of a motion to set aside the verdict and grant a new trial on this ground. *Ferry v. State* (1954), 266 Wis. 508, 63 N. W. (2d) 741. The only error raised by the motion for a new trial in this respect is that the court erred in rejecting the evidence that the sheriff and the district attorney refused counsel permission to see the defendant on Saturday while being held in custody. The offer of proof was that counsel had requested permission of the sheriff to visit the defendant Saturday afternoon, April 13th, and the permission was denied. The sheriff referred counsel to the district attorney, who also refused permission; that on Sunday morning counsel was given permission to see the defendant. At the time

of the request the defendant was in the custody of the sheriff at the hospital and was held under investigation. On the evening of the day of the request the defendant made his confession to the sheriff. There was no offer of proof that counsel had been retained by the defendant or that he informed the sheriff he had been retained, or that the confession was not voluntarily given. When the defendant testified on his own behalf he was not asked nor did he testify that he had retained counsel or desired to consult one. The offer of proof was rejected by the court because counsel was examining the sheriff as his own witness and he was attempting to impeach him, and on the additional ground that the proof was immaterial. Counsel for the defense did not object to the admissibility of the confession on these grounds but on the ground that the evidence would show the defendant was not in possession of his full faculties at the time he made the confession and that the sheriff and district attorney were present. Testimony produced by the defendant of the nurse and physician was to the effect that while defendant had been given a sleeping pill such pill would not have taken effect by the time the confession was completed. The witnesses who were present when the confession was taken testified the defendant at the time was awake, coherent, and did not seem abnormal. Thereafter the court admitted the confession. We do not consider it was reversible error for the trial court to admit the confession over the objection.

*By the Court.*—Judgment affirmed.

MARTIN, C. J., took no part.