STATE, Respondent, v. RITCHIE, Appellant.

*Nos. State 83, 84.  Argued January 9, 1970.—Decided March 3, 1970.*

(Also reported in 174 N. W. 2d 504.)

48

For the appellant there were briefs by *Shellow, Shellow & Coffey* and *Robert H. Friebert,* all of Milwaukee, and oral argument by *Mr. Friebert.*

For the respondent the cause was argued by *Betty R. Brown,* assistant attorney general, with whom on the brief were *Robert W. Warren,* attorney general, and *Joseph B. Molinaro,* district attorney of Kenosha county.

BEILFUSS, J. The issues are:

1. Is the defendant entitled to a new trial on the ground that he was denied the right to assistance of counsel due to his attorney's voluntary absence both when the jury requested the reading of certain testimony and when the verdict was rendered?

2. Did the trial court err in failing, sua sponte, to instruct the jury that certain evidence which was read to it showing prior inconsistent statements could be used only for impeachment purposes, but not as substantive evidence of the crimes?

3. Did the trial court err in having read to the jury certain designated portions of the testimony of two defense witnesses and one witness for the state at the jury's request?

The principal contention of the defendant is that the trial court erred when, in the absence of defense counsel, Attorney L. E. Vaudreuil, it permitted the jury to return to the courtroom to have read, at the jury's request, a portion of the cross-examination of Ritchie, a portion of the cross-examination of Wasion (a defense witness), and a part of the direct testimony of the complainant. It is further argued that the absence of counsel when the verdict was returned constitutes reversible error. Defendant asserts that the reading of testimony and the receipt of the verdict were both "critical" stages of the proceedings against him and the trial court was under an obligation to assure him the assistance of counsel at those times.

As observed in the statement of facts, the only matter of record regarding the nature of defense counsel's absence is the judge's statement:

"Let the record show Mr. Vaudreuil stated he did not wish to be called. It is now 7:15, and the defendant is present."

There is no evidence in the record showing an express waiver of counsel at these times by the defendant.

In an attempt to demonstrate the critical nature of this portion of the proceedings, reference is made by the defendant to numerous decisions of the United States Supreme Court in which counsel has been required at other stages of the proceedings: at a lineup, *United States v. Wade* (1967), 388 U. S. 218, 87 Sup. Ct. 1926, 18 L. Ed. 2d 1149; at an interrogation, *Miranda v. Arizona* (1966), 384 U. S. 436, 86 Sup. Ct. 1602, 16 L. Ed. 2d 694; at certain preliminary hearings, *White v. Maryland* (1963), 373 U. S. 59, 83 Sup. Ct. 1050, 10 L. Ed. 2d 193; at an arraignment, *Hamilton v. Alabama* (1961), 368 U. S. 52, 82 Sup. Ct. 157, 7 L. Ed. 2d 114; at a trial, *Gideon v. Wainwright* (1963), 372 U. S. 335, 83 Sup. Ct. 792, 9 L. Ed. 2d 799; at sentencing, *Mempa v. Rhay* (1967), 389 U. S. 128, 88 Sup. Ct. 254, 19 L. Ed. 2d 336; and for appeal, *Douglas v. California* (1963), 372 U. S. 353, 83 Sup. Ct. 814, 9 L. Ed. 2d 811.[1] None of these cases pertain directly to the controversy in the present appeal, but they do demonstrate a concern that counsel be present or expressly waived whenever alternatives of action are available to the accused, including opportunity for objection or for the presentation of arguments to the court, as in sentencing situations.

The state has argued that Ritchie's failure to object to the proceedings without counsel constitutes a waiver of the right to assistance of counsel under the doctrine of *State v. Russell* (1958), 5 Wis. 2d 196, 92 N. W. 2d 210. In *Russell* this court said, at pages 200, 201:

"While counsel has a right and perhaps a duty to be present when a jury comes in for additional instructions, such right may be waived. What amounts to waiver depends on the facts in each case. *Stoddard v. State* (1907), 132 Wis. 520, 112 N. W. 453; *Clemens v. State*

---

[1] *See also State v. Strickland* (1965), 27 Wis. 2d 623, 135 N. W. 2d 295, in which this court held sentencing to be a critical stage of the proceedings at which counsel must be present.

(1922), 176 Wis. 289, 185 N. W. 209. Counsel must assume the risk of his own arrangements with the court reporter or other personnel to be called when the jury comes in for additional instructions or with a verdict if he absents himself from the courtroom during the regular session of the court or during other times at which counsel is expressly advised that the court may sit. If counsel is absent the judge may presume it is voluntarily and a waiver unless he knows to the contrary or personally has taken the responsibility to see that counsel is notified or there are court rules governing the situation. Responsibility cannot be placed upon the court by counsel to be called or searched out when he knows the court is in session.

"No objection by counsel was made to the original instructions which were given nor did he make any request for a modification thereof or for additional instructions. The repeating of the instructions by the trial court without the formal parts at the request of the jury is not reversible error under the circumstances of this case."

In his reply brief the defendant has asserted that *State v. Russell, supra,* insofar as it presumes a waiver of counsel from the accused's failure to object, is now in error under the United States Supreme Court's decision in *Carnley v. Cochran* (1962), 369 U. S. 506, 82 Sup. Ct. 884, 8 L. Ed. 2d 70. That decision involved a prosecution in which no counsel was ever appointed or requested, nor examination conducted as to waiver of counsel. The court said, at page 516:

"Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver."

The *Carnley Case* is clearly distinguishable upon its facts. In *Carnley* the defendant was charged with serious capital offenses, was well-nigh illiterate, and did not have counsel at any stage of the entire trial proceeding.

In this case there is nothing to suggest any illiteracy on the part of the defendant. He selected and retained counsel of his own choice. His retained counsel is professionally known and highly regarded by every member of this court and a great portion of the bar and bench of this state. His second retained counsel, hired after the imposition of sentence, bears much the same reputation.

It is significant that in neither motion for a new trial there is not an affidavit of the defendant nor his trial counsel denying waiver or explaining trial counsel's absence at the time the jury returned. Nor was there a hearing where anyone testified in support of the defendant's motion. Under these facts we do presume the defendant waived counsel's presence when the jury returned.

The "critical" nature of the jury's return for the reading of certain testimony depends upon what action the attorney for Ritchie might have taken, if any, when the trial court granted its request. It is asserted by defendant that the rehearing of the prior inconsistent statements might have been considered by the jury as substantive evidence when in fact the law as it then stood permitted its use only for impeachment. It is argued that the lost opportunity to seek an instruction to that effect was prejudicial to the defendant. Inasmuch as no new or different testimony was given we do not believe it was a critical stage of the trial.

The state relies on this court's decision in *Gelhaar v. State* (1969), 41 Wis. 2d 230, 163 N. W. 2d 609, for the proposition that any claim of lost opportunity to seek a limiting instruction of the prior inconsistent statements which were read back to the jury is now moot. That case established the principle that prior inconsistent statements could be considered as substantive evidence if certain factors were met. No specification was made in *Gelhaar* that its application would be

prospective only. In the absence of any such statement, it is retrospective in operation [2] and the statement could be introduced in impeachment and considered as substantive evidence. It is difficult to determine how the defendant could thus have been prejudiced by having been denied the opportunity to seek a limiting instruction on this evidence and we do not believe he has been.

The defendant argued that he lost an opportunity to poll the jury and that this loss constitutes reversible error.

The record reveals:

"At 8:05 p. m. the jury notified the bailiff they had reached a verdict. Court reconvened. Defendant, Keith Ritchie appearing in court in person.

"...

"*By the court:* . . . Members of the jury, was this your verdict and is this your verdict now as to count three?

"*By the jury:* Yes.

"*By the court:* So say each and all of you?

"*By the jury:* Yes."

The jury was polled in the sense that every juror had the opportunity and the duty to respond individually if he or she did not agree with the verdicts returned. While individual polling by defense counsel may be exercised as a matter of right, it does not include a right to cross-examine. The jury was polled by the court and we presume the response given by the jurors was accurate. The fact the defense counsel did not individually poll the jury because of his announced voluntary absence is not prejudicial error.

Defendant argues that the court's order to the reporter to read back the prior inconsistent statements of Ritchie and Wasion along with parts of the complainant's testimony tended to highlight the state's evidence

[2] *See Fitzgerald v. Meissner & Hicks, Inc.* (1968), 38 Wis. 2d 571, 575, 157 N. W. 2d 595.

in the minds of the jurors. Respecting this matter it has been held in Wisconsin:

"The jury have a right to have testimony read to them by the reporter. The trial court is vested with a large discretion as to just how much of the evidence should be read. If important portions of the proof are omitted, it is the duty of counsel to call that fact to the attention of the court, out of the hearing of the jury, so that the court can determine whether further testimony is required to be read by the request made by the jury." *Willard v. State* (1928), 195 Wis. 170, 174, 217 N. W. 651.

The language quoted from *Willard* indicates that this is again a repeat of the arguments presented on the first issue in this case, namely, the right to counsel. The cases cited by defendant in support of the claimed error in reading parts of the testimony are not in point. *Payne v. State* (1929), 199 Wis. 615, 227 N. W. 258, deals with a request that certain exhibits be taken into the jury room. *Wegner v. Chicago & N. W. Ry.* (1952), 262 Wis. 402, 55 N. W. 2d 420, dealt with the delivery to the jury room of a copy of a stipulation between the parties and the giving of supplemental instructions which the court found to be coercive. We find no abuse of discretion in ordering the reading of the portions of the record requested by the jury.

After a careful perusal of the entire record and the arguments we find no constitutional error and no right that the defendant has not waived.

In *Dascenzo v. State* (1965), 26 Wis. 2d 225, 231, 132 N. W. 2d 231, in considering a claimed constitutional error, we quoted *Hack v. State* (1910), 141 Wis. 346, 352, 124 N. W. 492, to this effect:

" 'Surely the defendant should have every one of his constitutional rights and privileges, but should he be permitted to juggle with them? Should he be silent when he ought to ask for some minor right which the

court would at once give him, and then when he has had his trial, and the issue has gone against him, should he be heard to say there is error because he was not given his right? Should he be allowed to play his game with loaded dice? Should Justice travel with leaden heel because the defendant has secretly stored up some technical error not affecting the merits, and thus secured a new trial because forsooth he can waive nothing? We think not. We think that sound reason, good sense, and the interests of the public demand that the ancient strict rule, framed originally for other conditions, be laid aside, at least so far as all prosecutions for offenses less than capital are concerned. We believe it has been laid aside in fact (save for the single exception that trial by a jury of twelve cannot be waived unless authorized by a specific law) by the former decisions of this court.' "

Sec. 274.37, Stats., provides:

"**Judgments; application to reverse or set aside; new trial; reversible errors.** No judgment shall be reversed or set aside or new trial granted in any action or proceeding, civil or criminal, on the ground of misdirection of the jury, or the improper admission of evidence, or for error as to any matter of pleading or procedure, unless in the opinion of the court to which the application is made, after an examination of the entire action or proceeding, it shall appear that the error complained of has affected the substantial rights of the party seeking to reverse or set aside the judgment, or to secure the new trial."

Our review of the record also convinces us that there was no reversible error and that justice has been done.

*By the Court.*—Judgment and orders affirmed.

WILKIE, J. (*concurring*). I must respectfully disagree with the majority's holding that the point in a felony trial at which the jury returns for reinstruction and repetition of testimony (as here), further instructions, or to ask questions, is not a critical stage. I would hold that it is.

The defendant here was charged with a felony and it is well settled in such cases that the trial stage of such

a prosecution is a critical stage at which the defendant is entitled to a lawyer to represent him.[1]

The point at which the proceedings at issue in the instant case took place was clearly a part of the defendant's trial. I would view the trial of the defendant as a homogeneous whole; if he is entitled to counsel at the beginning of the trial, surely he is entitled to counsel at any point during the trial.

This does not mean that counsel cannot be waived.[2] The majority hold that there was such a waiver. I must respectfully disagree. Such waiver must be express. Any claim of waiver in this instance must be presumed from the defendant's silence when his counsel indicated he was absenting himself during jury deliberations. Insofar as *Russell* approves the finding of a waiver under such circumstance, I think that part of *Russell* is now no longer the law in view of *Carnley*,[3] which requires a record to substantiate an effective waiver. The waiver must be express, not presumed.

I agree with the majority that, in any event, the absence of counsel during the period when the jury returned for reinstruction and repetition of testimony, and at the later stage when the verdict was announced, was harmless under the test in *Chapman v. California*.[4] There was no prejudicial constitutional error here, and I therefore agree with affirmance.[5]

---

[1] *See Gideon v. Wainwright* (1963), 372 U. S. 335, 83 Sup. Ct. 792, 9 L. Ed. 2d 799; *but* for limited right to counsel in misdemeanor cases, *see State ex rel. Plutshack v. H&SS Department* (1968), 37 Wis. 2d 713, 155 N. W. 2d 549, 157 N. W. 2d 567.

[2] *State v. Russell* (1958), 5 Wis. 2d 196, 92 N. W. 2d 210.

[3] *Carnley v. Cochran* (1962), 369 U. S. 506, 82 Sup. Ct. 884, 8 L. Ed. 2d 70.

[4] (1967), 386 U. S. 18, 24, 87 Sup. Ct. 824, 17 L. Ed. 2d 705.

[5] *See* Steele, *The Doctrine of Right to Counsel: Its Impact on the Administration of Criminal Justice and the Legal Profession*, 23 Southwestern L. J. (1969), 488.

I am authorized to state that Mr. Chief Justice HALLOWS and Mr. Justice HEFFERNAN join in this concurrence.