STATE of Wisconsin, Plaintiff-Respondent,

v.

Gene HALMO, Defendant-Appellant.

Court of Appeals

*No. 84–2522–CR. Submitted on briefs April 4, 1985.—Decided June 25, 1985.*
(Also reported in 371 N.W.2d 424.)

For the defendant-appellant, the cause was submitted on the briefs of *Wilbur W. Warren, III,* of *O'Connor & Warren, S.C.,* of Kenosha.

For the plaintiff-respondent, the cause was submitted on the brief of *Susan T. Remkus,* assistant district attorney, and *Robert D. Zapf,* district attorney, of Kenosha.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

NETTESHEIM, J. The only issue on appeal is whether violation of sec. 972.12(2), Stats., which requires an officer of the court to keep a jury together and to prevent communications between the jurors and others after the jury has retired to consider its verdict, constitutes reversible error under the facts of this case. We conclude that it does and we accordingly reverse and grant a new trial.

Gene Halmo appeals from a judgment finding him guilty of driving while under the influence of an intoxicant and from an order denying his post-conviction motion for a new trial. He was charged as a repeat offender in a criminal complaint. He entered pleas of not guilty to charges of driving under the influence of an intoxicant and driving with a blood alcohol content in excess of .10%. Halmo also demanded a jury trial.

The jury trial began on October 17, 1983, and the testimony ended on the second day of trial. At approximately 4:00 p.m. on that day, October 18, the jury retired for deliberations. At some point before 11:30 p.m., a telephone conversation occurred between the trial court, defense counsel, the assistant district attorney and the bailiff. During this conversation, the trial court apparently indicated that it would send the jury home if a verdict was not reached within a certain period of time. A court reporter was not present during the conversation and there is no record of the conversation.[1]

---

[1] The state asserts that Halmo's failure to object during this conversation resulted in a waiver of his challenge to the separa-

At 11:30 p.m., the trial court instructed the bailiff to send the jury home. The jury was not admonished by the trial court before the separation; nor was *voir dire* of the jury conducted upon its return as to any intervening events or improper conduct. The jury then continued its deliberations on the next day and returned with its verdicts at 4:30 p.m.

After the jury returned its verdicts, defense counsel objected to the separation of the jury during its deliberations and moved for a mistrial. The trial court, after a hearing on post-conviction motions, denied Halmo's mistrial and new trial motions.

Section 972.12(2), Stats., provides that "[w]hen the jury retires to consider its verdict, an officer of the court shall be appointed to keep them together and to prevent communication betwen the jurors and others."[2] Halmo argues that this error requires a new trial because it denied him his right to a fair trial by an impartial jury. The state appears to concede that error occurred but argues that the error was harmless. We conclude the trial court violated the statute when it allowed the jury to separate during its deliberations.[3] We further con-

___

tion of the jury. We disagree. This conversation was not on the record and, therefore, is not part of the trial court proceedings. The record reveals that at the first opportunity, the next time the court was in session, defense counsel objected to the jury separation. A party does not control or determine when an exchange is on the record—the trial court does. We conclude that the objection was timely placed on the record.

[2] Whereas sec. 972.12(1), Stats., allows the trial court, in its discretion, to allow separation of the jury after it is sworn but before submission of the case, sec. 972.12(2) vests no such discretion and requires the trial court to appoint an officer of the court to keep the jury together after the jury retires to consider its verdict.

[3] We acknowledge that it is often expensive and perhaps inconvenient to sequester a jury in a criminal misdemeanor or traffic case. The statute, however, makes no distinctions as to types of

clude that the state had the burden of showing that the jury separation was not prejudicial. Because the state failed to make such a showing, we reverse.

Whether it is reversible error to allow a jury to separate during its deliberations in violation of sec. 972.12 (2), Stats., has not been addressed by the appellate courts of this state. Although there is disagreement among other jurisdictions on this question, the general rule holds that jury separation during deliberations in a criminal case in violation of a statute creates a presumption of prejudice. *State v. Robbins,* 287 N.W.2d 55, 58 (Neb. 1980). *See also Kimoktoak v. State,* 578 P.2d 594, 596 (Alaska 1978). The burden then falls upon the state to rebut the presumption and prove that no injury resulted. *Id.*[4]

We agree that the burden properly falls upon the state to prove that no prejudice results when a trial court violates a statute prohibiting jury separation. While sec. 972.12(2), Stats., may not create a constitutional right, its requirement that the jury be kept together and shielded from improper communications is certainly aimed at preserving the defendant's right to a fair trial and an impartial jury. To have a fair trial, a jury must be insulated from outside influences. *State v. Alfonsi,* 33

crimes and when to sequester the jury. It simply instructs that an officer of the court shall keep the jury together. It is for the legislature and not this court to make such distinctions.

[4] Other cases which have recognized this as the general rule (although not necessarily following it) include:

*State v. McComsey,* 323 N.W.2d 889, 891 (S.D. 1982); *Bales v. State,* 418 N.E.2d 215, 218 (Ind. 1981); *Lusty v. State,* 542 P.2d 545, 550 (Okla. Crim. App. 1975); *Goodall v. State,* 501 S.W.2d 342, 343 (Tex. Crim. App. 1973); *People v. McDonald,* 196 N.W.2d 834, 835–36 (Mich. Ct. App. 1972); *Pratt v. State,* 264 So. 2d 571, 573–74 (Ala. Crim. App. 1972); *In re Winchester,* 348 P.2d 904, 908 (Cal.), *cert. denied,* 363 U.S. 852 (1960); *Stuckey v. State,* 100 S.E.2d 189, 192 (Ga. 1957).

Wis. 2d 469, 482, 147 N.W.2d 550, 558 (1967). As our supreme court has observed:

And so it is with jury trials. In order that the institution be preserved and its usefulness continued, *its deliberations and pronouncements must be kept pure, and untainted not only from all improper influences but from the appearance thereof.* It is often said that the jury trial is one of the bulwarks of our liberty. But it will remain so only so long as public confidence in the institution prevails. [Emphasis in original.]

*Surma v. State,* 260 Wis. 510, 512, 51 N.W.2d 47, 49 (1952), quoting *La Valley v. State,* 188 Wis. 68, 80, 205 N.W. 412, 417 (1925).

■ Where the jury is allowed to separate after it has started its deliberations, the possibility of outside influences upon the jury's verdict is obviously enhanced. There is no way to absolutely assure against these influences. Because the jury is so accessible and subject to the possibility of outside influences, we conclude that a presumption of prejudice arises when a trial court violates sec. 972.12(2), Stats., by allowing the jury to separate after its deliberations have started.

■ Under the facts of this case, the state has failed to demonstrate that no influence on the verdict occurred during the jury separation. Accordingly, the presumption of prejudice stands unrebutted. The state merely asserts that there is no evidence that Halmo was harmed or prejudiced by the separation. At the post-conviction motion hearing, the trial court denied Halmo's motion for mistrial because there was no proof that the jury talked with anyone after its separation. Both the state and the trial court improperly shifted the burden of showing prejudice to the defendant.

In addition, we note that the trial court failed to admonish the jury before its separation and failed to *voir dire* the jury upon its return to determine if any improper conduct occurred during the separation. It is impossible to determine from this record what occurred during the jury's separation and there is nothing in this record from which we can conclude that the presumption of prejudice was rebutted. We therefore grant Halmo's request for a new trial.[5]

*By the Court.*—Judgment and order reversed and cause remanded.

---

[5] Halmo bases his argument on constitutional grounds, asserting a denial of a fair trial by an impartial jury. *See* Wis. Const. Art. I, sec. 7; U.S. Const. amend. VI. Because the state failed to rebut the presumption of prejudice, the violation of the statute, standing alone, constitutes a sufficient basis for reversal. When possible, this court will avoid deciding a constitutional question if the case can be decided on other grounds. *Labor & Farm Party v. Elections Board,* 117 Wis. 2d 351, 354, 344 N.W.2d 177, 179 (1984). We therefore are not required to address this case on the constitutional grounds asserted by Halmo. Thus, it need not be determined here whether the error was one of constitutional dimension constituting plain error or subject to the harmless error rule.