STATE of Wisconsin, Plaintiff-Respondent,

v.

Paul WOJTALEWICZ, Defendant-Appellant. †

Court of Appeals

---

† Petition to review denied.

*No. 84–1025–CR. Submitted on briefs October 11, 1985.—
Decided November 14, 1985.*
(Also reported in 379 N.W.2d 338.)

For the defendant-appellant the cause was submitted on the briefs of *Margaret A. Maroney,* first assistant state public defender.

For the plaintiff-respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Sally F. Goldfarb,* assistant attorney general.

Before Gartzke, P.J., Dykman and Eich, JJ.

EICH, J. Paul Wojtalewicz appeals from a judgment convicting him of being a party to the crimes of battery and aggravated battery contrary to secs. 940.19(1), 940.19 (1m) and 939.05(1), Stats. The issue is whether a new trial is warranted because the trial court erred in: (1) denying appellant's request to poll the jury upon return of the verdict; and (2) admitting certain "other crimes" evidence. Because we are compelled to reverse on the first ground, we need not consider the evidentiary issue.

After reading the guilty verdicts aloud, the trial court stated to the jury:

I want to ask you all if this is the verdict of each of you and if there is any member of the jury panel who dissents from either one of the two verdicts that I've just read, I want you to raise your right hand at this time.

The record should reflect that none of the jurors responded to that question.

Appellant's trial counsel immediately requested that the jurors be individually polled, to which the court responded: "I just polled the jury and I don't intend to poll the jury any differently than I have." Appellant argues that this decision constitutes reversible error, and we agree.

■ The Wisconsin Supreme Court addressed the issue more than a century ago and held that a defendant in a criminal case "has the right to poll the jury . . . and a refusal to permit him to do so is error, for which the verdict will be set aside." *Smith vs. The State,* 51 Wis. 615, 620, 8 N.W. 410, 412 (1881). Despite its age, *Smith* remains the law today, and it is in line with the rule adopted in the great majority of jurisdictions to the effect that a defendant's right to poll the jury, if not waived, is absolute, and its denial requires reversal even though the remainder of the trial may be error-free.[1] Annot., 49 ALR2d 619

---

[1] Two more recent cases, *Spencer v. State,* 85 Wis.2d 565, 271 N.W.2d 25 (1978), and *State v. Ritchie,* 46 Wis.2d 47, 174 N.W.2d 504, *cert. denied,* 400 U.S. 917 (1970), do not, as the state suggests, weaken the rule of *Smith.*

In *Spencer,* the issue was not jury polling at all (although the court noted that the trial judge "confirmed the verdict by polling the jury individually"), but rather whether receiving the verdict in defense counsel's absence deprived the defendant of the assistance of counsel. The court held that it did. Because the right to counsel is guaranteed by the state and federal constitutions, however, the court went on to apply

(1956); Comment, *Defendant's Right to Poll the Jury in Criminal Cases,* 6 De Paul L. Rev. 92, 94 (1956); *Wingfield v. State,* 128 S.W. 562, 562 (Ark. 1910); *People v. Flynn,* 31 Cal. Rptr. 651, 654 (1963); *Favors v. State,* 214 S.E.2d 645, 652 (Ga. 1975); *State v. Rodriguez,* 460 P.2d 711, 717 (Idaho 1969); *People v. De Stefano,* 212 N.E.2d 357, 368 (Ill. App. 1965), *cert. denied,* 385 U.S. 821 (1966); *State v. Panker,* 532 P.2d 1073, 1075 (Kan. 1975); *Powell v. Commonwealth,* 346 S.W.2d 731, 733 (Ky. Ct. App. 1961); *Maloney v. State,* 304 A.2d 260, 267–68 (Md. App. 1973); *Bridges v. State,* 122 So. 533, 534 (Miss. 1929); *State v. Thursby,* 245 S.W.2d 859, 863 (Mo. 1952); *State v. Brooks,* 279 P.2d 1048, 1050 (N.M. 1955); *City of Dayton v. Allen,* 200 N.E.2d 356, 360 (Ohio App. 1959); *Brooks v. Gladden,* 358 P.2d 1055, 1061 (Ore. 1961), *cert. denied,* 366 U.S. 974 (1961); *Commonwealth v. Martin,* 109 A.2d 325, 327–28 (Pa. 1954); *State v. Linder,* 278 S.E.2d 335, 338 (S.C. 1981).[2]

the "harmless federal constitutional error" test enunciated in *Chapman v. California,* 386 U.S. 18, 24 (1967), and concluded that the error was harmless. *Spencer* at 573, 271 N.W.2d at 30.

In *Ritchie,* the trial judge questioned the jury much as was done in this case. The supreme court, while noting that "individual polling by defense counsel may be exercised as a matter of right," ruled that any error was not prejudicial because the defense attorney was absent when the jury returned the verdict and the court concluded that the defendant had waived his right to have counsel present. *Id.* at 56, 174 N.W.2d at 509.

In this case, there was no waiver, and there is no constitutional question. Denial of the defendant's right to poll the jury, absent waiver, is reversible error *per se,* and neither *Spencer* nor *Ritchie* weaken the authoritative effect of *Smith vs. The State.* Indeed, the court's comment in *Ritchie* on the defendant's "right" to "individual polling" of the jurors may be read, impliedly at least, as additional authority for the result reached in this case.

[2] The minority view, that polling is discretionary with the trial judge, is followed in a few New England states. *State v. Shelton,* 278 A.2d 782, 784–85 (Conn. 1971); *Commonwealth v. Beneficial Finance*

The question thus becomes whether the trial court's question to the jurors satisfies the polling requirement. Here, too, we adhere to the majority rule that it does not.

The defendant's right to poll the jury has been described as "[t]he most substantial right of the accused in a felony case." *Boreing v. Beard,* 10 S.W.2d 447, 451 (Ky. Ct. App. 1928). Its purpose "is to test the uncoerced unanimity of the verdict by requiring 'each juror to answer for himself', thus creating individual responsibility, eliminating any uncertainty as to the [announced] verdict. . . .' " *United States v. Shepherd,* 576 F.2d 719, 725 (7th Cir.), *cert. denied,* 439 U.S. 852 (1978), quoting *United States v. Mathis,* 535 F.2d 1303, 1307 (D.C. Cir. 1976), quoting *State v. Cleveland,* 78 A.2d 560, 563 (N.J. 1951).

> The polling of the jury is the means for definitely determining, before it is too late, whether the jury's verdict reflects the conscience of each of the jurors or whether it was brought about through the coercion or domination of one of them by some of his fellow jurors or resulted from sheer mental or physical exhaustion of a juror.

*Commonwealth v. Martin,* 109 A.2d at 328. An ancillary purpose of the jury poll is to allow jurors to exercise their "right to change [their] mind[s] about a verdict to which [they have] agreed in the jury room" and to permit inquiry into the unanimity of the verdict. *Shepherd,* 576 F.2d at 724. While of ancient origin in the common law, the right is not of constitutional dimension; although, if seasonably asserted, its denial is reversible error. *Id.* at 724.

In light of the origins of the right, most courts considering the question have held that individual rather than

Co., 275 N.E.2d 33, 97 (Mass. 1971), *cert. denied,* 407 U.S. 914 (1972); *State v. Grierson,* 69 A.2d 851, 855 (N.H. 1949); *Trombley v. Langlois,* 163 A.2d 25, 29 (R.I. 1960).

348

collective polling is mandatory.[3] "[P]olling of the jury is a procedure whereby the jurors are asked individually the finding they have arrived at. . . . The practice . . . requires each juror to answer for himself. . . ." *State v. Cleveland,* 78 A.2d at 563. The "confrontational" element is important. A defendant in a criminal case has the right "to require each member of the jury when face to face with the accused to state whether or not the verdict is his verdict." *Boreing,* 10 S.W.2d at 451.

Calling each juror by name and asking whether the announced verdict is his or her verdict is said to meet "the minimum requirements of [a] defendant's right to a poll of the jurors." *Burnett v. State,* 242 S.E.2d 79, 85 (Ga. 1978). Collective polling, or merely asking jurors to stand to indicate their assent to the verdict, has been held insufficient: "The defendant was entitled as a matter of right to know whether each juror assented to the [announced] verdict . . . and to that end he had the right to insist that a specific question be addressed to and answered by each juror in open court." *State v. Boger,* 163 S.E. 877, 878 (N.C. 1932). To the same effect, *see Jackson v. State,* 41 So. 178, 179 (Ala. 1906); *People v. Kellogg,* 397 N.E.2d 835, 837 (Ill. 1979); *Gilmore v. State,* 98 N.E.2d 677, 680 (Ind. 1951); *State v. Thursby,* 245 S.W.2d at 863; *City of Dayton v. Allen,* 200 N.E.2d at 365; *Dixon Stave & Heading Co. v. Archer,* 291 S.W.2d 603, 607–08 (Tenn. Ct. App. 1956).

While the precise question has never arisen in Wisconsin, the supreme court, in *State v. Ritchie, supra,* note 1, distinguished between a collective poll and the "individ-

---

[3] Here, too, a small minority finds a collective inquiry sufficient. *Fellow's Case,* 5 Me. 333, 335–36 (1828); *Commonwealth v. Goldenberg,* 155 N.E.2d 187, 193 (Mass.), *cert. denied,* 359 U.S. 1001 (1959). Such a procedure has been criticized, however, as saving "little time while creating a risk that a juror who has been coerced to go along with the majority will not speak up." 3 ABA Standards for Criminal Justice, sec. 15–4.5, p. 15–149 (2d ed. 1982).

ual polling by defense counsel [which] may be exercised as a matter of right," thus, by implication at least, recognizing the majority rule. *Id.,* 46 Wis.2d at 56, 174 N.W.2d at 509. We note, too, that individual polling is the recommended practice nationwide and is the standard procedure in Wisconsin trial courts.[4]

We conclude, therefore, that, where timely asserted, a defendant in a criminal case has the right to have the jurors polled individually as to their verdict.[5] Under the longstanding rule of *Smith vs. The State, supra,* the trial court's refusal to do so is reversible error. We are bound by decisions of the supreme court and are therefore compelled to reverse and order a new trial.

*By the Court.*—Judgment reversed and cause remanded for a new trial.

---

[4] The *ABA Standards* require "asking each juror individually whether the verdict announced is his or her verdict." *ABA Standards, supra,* note 3, at p. 15–145. In Wisconsin, the guidelines issued to all state trial judges by the Wisconsin Supreme Court state that questioning of individual jurors is the practice to be followed upon receipt of the verdict in criminal cases. *Wisconsin Judicial Benchbooks—Criminal and Traffic,* p. CR 25–2 (1982).

[5] We note our agreement with the ABA standard specifying that the jury poll should be conducted by the court or the clerk and not by defense counsel. *ABA Standards, supra,* note 3, at p. 15–149.