# STATE of Wisconsin, Plaintiff-Respondent,

v.

# Oscar C. CARTAGENA, Defendant-Appellant.

Court of Appeals

*No. 86–1384–CR. Submitted on briefs March 10, 1987.—*
*Decided May 7, 1987.*

(Also reported 409 N.W.2d 386.)

For the defendant-appellant the cause was submitted on the briefs of *Jack E. Schairer,* assistant state public defender.

For the plaintiff-respondent the cause was submitted on the briefs of *Bronson C. La Follette,* attorney general and *Sally L. Wellman,* assistant attorney general.

Before Moser, P.J., Wedemeyer and Sullivan, JJ.

SULLIVAN, J.   Oscar C. Cartagena appeals from a judgment of conviction on two counts of delivery of a controlled substance contrary to secs. 161.41(1)(b) and 161.16(2)(b)1, Stats. During a voir dire following a sealed verdict and a poll of the jury, one juror changed his mind. We reverse and remand for a new trial because the jury's verdict was not unanimous.

The case against Cartagena was submitted to the jury on November 7. Because the court reporter was unavailable when the jury advised that it had a verdict, the court instructed the jury to seal the

verdict. The jury separated for the night and reassembled on November 8 to deliver its verdict. After the verdict was read, the jurors were individually polled. All answered "yes" to the question: "Was this and is this now your verdict." The court then allowed the attorneys to voir dire the jury. During further questioning, one juror's answers seriously undermined his previous affirmative answer. Cartagena's attorney stated, for the record, that the juror shook his head after answering the poll and appeared to have tears in his eyes.

Cartagena moved for a mistrial claiming that the verdict was not unanimous. In denying the motion, the trial court concluded that the relevant time at which jurors must finally assent to the verdict is when it is sealed. The court then accepted the verdict and discharged the jury. Cartagena's postjudgment motion for a mistrial was also denied.

Wisconsin Supreme Court decisions have assumed that the right to trial by jury guaranteed in the state constitution includes the right to a unanimous verdict in criminal trials. *Holland v. State,* 91 Wis. 2d 134, 138, 280 N.W.2d 288, 290 (1979) *cert. denied,* 445 U.S. 931 (1980). If the integrity of the jury trial is to be preserved, a juror with reasonable doubts about a defendant's guilt cannot agree to a guilty verdict in violation of his conscience and sense of right. *State v. Austin,* 6 Wis. 203 (*205), 205–06 (*207–08) (1858). Consequently, at any time before a verdict is received and properly recorded, a juror may dissent although previously agreeing. *Id.*

As a corollary to the unanimous verdict, a defendant has the right to have jurors polled individually.

*State v. Wojtalewicz,* 127 Wis. 2d 344, 350, 379 N.W.2d 338, 341 (Ct. App. 1985). He does not, however, have the right to cross-examine the jurors on their verdict. *State v. Ritchie,* 46 Wis. 2d 47, 56, 174 N.W.2d 504, 509 *cert. denied,* 400 U.S. 917 (1970). Consequently, the trial court need not allow voir dire as a matter of course. We agree with the cases from other jurisdictions which hold that the court should interrogate a juror who, during the poll, creates some doubt as to his vote. *See* e.g., *State v. Brown,* 168 N.E.2d 419, 422 (Ohio Ct. App. 1953); *People v. Kellogg,* 397 N.E.2d 835, 837–38 (Ill. 1979). Doubt may result from the juror's demeanor or tone of voice as well as the language he uses. Prior to further questioning, however, the court should make a determination that the juror's answer was ambiguous or ambivalent. Because demeanor and tone of voice play a large role in understanding the proper meaning of a response, we will accept the trial court's finding on the issue of assent unless the record shows that the trial court foreclosed dissent.

We conclude that the use of a sealed verdict does not require a different rule. We are persuaded by the analysis in *Weatherhead v. Burau,* 55 N.W.2d 703, 705 (Minn. 1952). The use of a sealed verdict is based on convenience and custom, not statutory authority. It provides evidence of the status of the verdict when the jury separated. The subsequent return of the same verdict in open court precludes questions of improper conduct during separation. If a juror dissents when the verdict is returned, however, the sealed verdict ceases to have validity.

In the present case, the trial court did not make a determination that the juror's answer to the poll

question was ambiguous or ambivalent. When the court offered voir dire, however, it was bound by the results of that questioning. Although the court did not make a formal fact finding that the juror had changed his mind, the judge acknowledged during argument of counsel that the juror dissented to the verdict during the voir dire. The juror's dissent before the verdict was accepted invalidated the sealed verdict. Because the jury had separated, they could not resume deliberations. *Koch v. State,* 126 Wis. 470, 483, 106 N.W. 531, 535–36 (1906); *see State v. Halmo,* 125 Wis. 2d 369, 373, 371 N.W.2d 424, 426 (Ct. App. 1985). The trial court had no alternative but to order a new trial.

Cartagena also contends that the jury instruction on entrapment did not unmistakably apprise the jurors that the state had the burden of proof on the issue. Because we conclude that Cartagena is entitled to a new trial, we do not address this issue.

*By the Court.*—Judgment reversed and cause remanded for a new trial.