STATE of Wisconsin, Plaintiff-Respondent,

v.

Andrew P. WIESE, Defendant-Appellant.†

Court of Appeals

*No. 90-2171-CR. Submitted on briefs March 1, 1991.—Decided April 17, 1991.*

(Also reported in 469 N.W.2d 908.)

† Petition to review filed. This petition was not disposed of at the time the volume went to press. Its disposition will be reported in a later volume.

510

On behalf of the defendant-appellant, the cause was submitted on the brief of *Leonard D. Kachinsky* of *Kachinsky Law Offices* of Neenah.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *Paul Lundsten,* assistant attorney general.

Before Nettesheim, P.J., Brown and Anderson, JJ.

ANDERSON, J.  A jury found Andrew P. Wiese guilty of party to masked armed robbery, secs. 943.32(2), 939.641 and 939.05, Stats. He appeals from the judgment and the postconviction order denying relief. He raises

three issues: (1) whether certain testimony was properly admitted; (2) whether the jury was properly polled; and (3) whether a new trial should be granted in the interests of justice. Because we conclude that the court did not err in making its evidentiary rulings and that the jury did return a unanimous verdict, we affirm the judgment and refuse to grant a new trial in the interests of justice.

On October 11, 1986, a liquor store in Neenah was robbed at gunpoint by a person wearing a motorcycle helmet. On August 16, 1989, Wiese was charged with party to the crime. He was found guilty by a jury on November 2, 1989, after a four-day trial. He was sentenced to six years' imprisonment. Other facts will be set forth where relevant.

## I.  EVIDENTIARY RULINGS

■

Wiese challenges three evidentiary rulings of the trial court. A trial court has broad discretion in determining the relevance and admissibility of proffered evidence. *State v. Brecht,* 143 Wis. 2d 297, 320, 421 N.W.2d 96, 105 (1988). When reviewing the admission of evidence, we must determine whether the trial court exercised its discretion in accordance with accepted legal standards and with the facts of record. *Id.*

The first alleged evidentiary error concerns testimony by an acquaintance of Wiese's, Dena Sargent. She testified that on January 1, 1987, approximately three months after the robbery, Wiese told her that "he was involved in something that I would not like." Wiese objected on the grounds that the testimony was irrelevant and prejudicial. The trial court admitted the testimony.

The trial court exercised appropriate discretion. The testimony had a tendency to make the existence of a guilty mind more probable than it would be without the evidence. *See* sec. 904.01, Stats. Thus, it is admissible under sec. 904.02, Stats. The fact that the lapse between the robbery and the statement was approximately three months is not so great as to negate all rational or logical connection between the fact sought to be proved and the evidence offered to prove it. *See State v. Rosenfeld,* 93 Wis. 2d 325, 332, 286 N.W.2d 596, 599 (1980).

◼

The trial court weighed the potential for prejudice against the probative value of the testimony. The trial court concluded that reasonable inferences could be drawn from the evidence and that cross-examination could act as a safeguard against any prejudice. Because the trial court's decision was the product of a rational mental process and the trial court achieved a reasoned and reasonable determination, we conclude that there was not an abuse of discretion. *See State v. Robinson,* 145 Wis. 2d 273, 281, 426 N.W.2d 606, 610 (Ct. App. 1988).

The second alleged evidentiary error concerns testimony of another of Wiese's acquaintances, Margaret Sitterson. Wiese testified that he was with his parents at the time the liquor store was robbed. Subsequently, Sitterson testified outside the presence of the jury that Wiese told her that he was at work for *each* robbery and that the time cards could prove it. She testified that Wiese did not make reference to any specific robbery. Wiese objected on the grounds that the reference to other robberies was prejudicial. The trial court allowed the testimony, but limited it to the October 11 robbery. The trial court offered to allow Sitterson to testify with-

out limitation and then give a cautionary instruction to the jury that the testimony is relevant only to credibility. Wiese refused the offer.

■

The testimony was relevant to Wiese's alibi and there was no prejudice because the testimony was limited to the October 11 robbery. Wiese argues that the limitation restricted his opportunity to adequately cross-examine Sitterson because it would inevitably reference other robbery allegations. Our review is only whether the trial court properly exercised its discretion. *See Brecht*, 143 Wis. 2d at 320, 421 N.W.2d at 105. There was not an abuse of discretion because the trial court achieved a reasonable determination. *See Robinson*, 145 Wis. 2d at 281, 426 N.W.2d at 610.

The third alleged evidentiary error concerns the admission of extrinsic evidence to impeach Wiese's credibility. There was testimony that Wiese had a good reputation for truthfulness. Sitterson testified that in 1985 she and Sargent were driving while Wiese followed in another automobile. When they approached a railroad crossing Sargent stopped her car because the railroad crossing arms began coming down. Sargent testified that Wiese passed Sargent and attempted to cross the railroad tracks before the train came through. The train struck the rear panel of his car. Sitterson testified that before the police arrived, Wiese said, "[L]et's get our stories straight before the police get here." He suggested that they tell the police that the arms had not come down before Wiese had driven across the tracks.

The state concedes that the admission of the testimony violated sec. 906.08(2), Stats., and the rule of *McClelland v. State,* 84 Wis. 2d 145, 267 N.W.2d 843 (1978). The *McClelland* court held that impeachment of a witness on the basis of collateral facts introduced by

extrinsic testimony is forbidden. *Id.* at 159, 267 N.W.2d at 849–50.

However, Wiese did not make a timely objection. On the day before Sitterson's testimony, Wiese objected to the same testimony which was to be given by Sargent. Even though the trial court overruled the objection, Sargent did not give any testimony regarding the train/car accident. Wiese did object to Sitterson's testimony after she was finished, but only in regard to Sitterson's testimony regarding Wiese's alibi. The objection was insufficient to inform the trial court that the testimony was inadmissible evidence of other misconduct; therefore, he failed to preserve the issue for appeal. *State v. Romero,* 147 Wis. 2d 264, 274, 432 N.W.2d 899, 903 (1988).

Because there was not a proper objection to Sitterson's testimony, sec. 901.03(1)(a), Stats., precludes review as a matter of right. However, sec. 901.03(4) allows review of "plain errors." Plain error is error so fundamental that a new trial or other relief must be granted even though the action was not objected to at the time. *State v. Sonnenberg,* 117 Wis. 2d 159, 177, 344 N.W.2d 95, 103 (1984), quoting *Virgil v. State,* 84 Wis. 2d 166, 191, 267 N.W.2d 852, 864–65 (1978). The plain error doctrine should be reserved for cases where there is the likelihood that the erroneous introduction of evidence has denied a defendant a basic constitutional right. *Sonnenberg,* 117 Wis. 2d at 178, 344 N.W.2d at 104.

Under the facts of this case, we are satisfied that the admission of Sitterson's testimony was not so fundamental or substantial that a new trial be ordered. One of the underlying rationales of *McClelland* is to prevent the

likelihood that the jury would convict the defendant for bad conduct other than that conduct charged. *See Sonnenberg* at 179, 344 N.W.2d at 104. In this case, Wiese was charged with party to a masked armed robbery. The extrinsic evidence concerned a train/car accident. The two incidents are so dissimilar that it cannot be said that the erroneously admitted testimony was prejudicial to Wiese. *See id.* at 178–79, 344 N.W.2d at 104. Sitterson was one of more than a score of witnesses. Her testimony regarding the train/car accident was only a portion of her testimony. The testimony was not enough to cause the jury to focus unduly on the train/car accident. *See id.*

## II.  POLLING THE JURY

After the guilty verdict was read, Wiese requested that the jury be polled. The following colloquy took place:

THE COURT:  Ladies and gentlemen, as I read your name, if this is your verdict answer "Yes." If it is not your verdict, answer "No." . . . Mrs. Meyer?

MRS. MEYER:  Well, I voted "yes" but I don't know, I am not just squarely satisfied. But I went with the rest after reading a lot, you know.

THE COURT:  I guess the question is, is this your verdict?

MRS. MEYER:  Yes.

. . ..

THE COURT:  Mrs. Krasavage?

MRS. KRASAVAGE:  Well, I had my thoughts. I wasn't completely sure, but . . ..

THE COURT: The question is if you are com-
pletely sure at this time.

MRS. KRASAVAGE: (Pause) Yes, I guess so.
["Pause" in original.]

. . ..

After polling each juror individually, the trial court
continued:

THE COURT: Well, Mrs. Krasavage and Mrs.
Meyer, I guess I have got to make certain that this is
your verdict and that you are not just doing it with-
out being convinced yourselves.

MRS. KRASAVAGE: Yes.

MRS. MEYER: Yes.

Wiese moved for a mistrial on the grounds that the
jury verdict was not unanimous.[1] The trial court denied
the motion and stated that although the jurors may have
had some different opinions at one point, the trial court
was satisfied that their answers were honest and true,
and that it was their verdict.

■■■■

The right to poll the jury at the return of the verdict
is a corollary to the defendant's right to a unanimous
verdict. *State v. Behnke,* 155 Wis. 2d 796, 801, 456
N.W.2d 610, 612 (1990). Polling is a means by which the
uncoerced unanimity of the verdict can be tested. *Id.*
Each juror must take individual responsibility and state

---

[1]Wiese's objection did not occur until after the jury was
dismissed and left the courtroom. Had the objection come earlier,
the trial court could have conducted further questioning. The
timing of the objection prevented the possibility of sending the
jury back for further deliberations if a dissent surfaced. Thus, we
may have had a different case had the objection been made
earlier.

publicly that he or she agrees with the announced verdict. *Id.* To test the verdict, the trial court should question a juror who, during the polling, creates some doubt as to his or her vote. *State v. Cartagena,* 140 Wis. 2d 59, 62, 409 N.W.2d 386, 387 (1987).

The poll allows a juror to dissent although previously agreeing. *See State v. Austin,* 6 Wis. 203 (*205), 205-06 (*208) (1858). If there is a dissent, or if it is stated by the juror that the assent is merely an accommodation and against the juror's conscience, it is the duty of the court, upon its own motion, to direct the jury to retire and reconsider its verdict.[2] *See Farrell v. Hennesy,* 21 Wis. 639 (*632), 643 (*636) (1867); *Austin,* 6 Wis. at 205-06 (*208). Thus, the threshold question is whether there was an assent, and thus, whether further deliberations were necessary. This court has stated that:

> Doubt may result from the juror's demeanor or tone of voice as well as the language he uses. Prior to further questioning, however, the court should make a determination that the juror's answer was ambiguous or ambivalent. Because demeanor and tone of voice play a large role in understanding the proper meaning of a response, we will accept the trial court's

---

[2]The American Bar Association standards are consistent with Wisconsin law. *See* III American Bar Association, *Standards for Criminal Justice* sec. 15-4.5, at 15.145 (2d ed. supp. 1986). The standards suggest that if an unequivocal expression is obtained, then any voluntary statement by a juror in explanation may be disregarded. *Id.* at 15.150. The standards give the trial court two options in the event of a dissent. The jury can be sent back for deliberations, or the trial court may determine that deliberations would be fruitless and grant a mistrial. *See id.* at 15.150-51.

finding on the issue of assent unless the record shows that the trial court foreclosed dissent.

*Cartagena,* 140 Wis. 2d at 62, 409 N.W.2d at 387–88.

We accept the trial court's conclusion that there was not a dissent and that the verdict was unanimous. The trial court called each juror by name and asked whether or not the verdict was his or hers. In response to the two jurors who showed some hesitancy, the trial court gave them a second opportunity to dissent. In doing so, the trial court observed the jurors' demeanor and tone of voice. The trial court found that the jurors assented to the verdict.

The trial court did not foreclose dissent. This is not the case where the trial court ignored the jurors' doubts during the polling and persisted with questioning until the juror made a "yes" or "no" answer. *See Austin,* 6 Wis. at 204–05 (\*207). In this case, there was no pressure for the jurors to give up rational doubts or disregard difficulties which may arise in their minds upon the evidence of the case. *Id.* at 206 (\*208). The trial court gave each juror an opportunity to dissent. Thus, we will accept the trial court's finding that it was a unanimous verdict.[3]

---

[3] A collection of cases from several jurisdictions regarding a juror's reluctance during polling is found at Annotation, Juror's Reluctant, Equivocal, Or Conditional Assent To Verdict, On Polling, As Ground For Mistrial Or New Trial In Criminal Case, 25 A.L.R.3d 1149 (1969). Among the considerations found in the cases are: (1) Did the trial court afford the juror the opportunity to make an unambiguous reply as to his or her present state of mind? (2) Did the trial court ask appropriate, non-coercive neutral questions to clarify any apparent juror confusion? (3) Did the trial court avoid repetitive questioning until a particular answer was given by the juror? In this case, the trial court afforded both jurors the opportunity to make an unambiguous reply as to their

Furthermore, this is not the case where a juror stated that the assent was a matter of accommodation, but that it was against the juror's conscience. *See Farrell*, 21 Wis. at 640–41 (*633). Nor is this a case where the juror clearly changed from one position to another. *See Cartagena*, 140 Wis. 2d at 60–61, 409 N.W.2d at 387; *Rothbauer v. State*, 22 Wis. 446 (*468), 448 (*469–70) (1868). This case is one in which the jury arrived at a unanimous verdict at the time of the poll, even though some members held doubts at one time.

## III.  NEW TRIAL

The final issue is whether a new trial should be granted in the interests of justice. The real controversy has been fully tried, and Wiese has presented nothing that persuades us that the jury's return of a guilty verdict was a probable miscarriage of justice. *See* sec. 752.35, Stats. Thus, Wiese is not entitled to a new trial in the interests of justice.

*By the Court.*—Judgment and order affirmed.

---

present state of mind. Plus the questions were neutral and non-coercive, and the questioning was not unduly repetitive. We suggest that trial courts employ similar methodology when exercising their discretion in this area.