STATE of Wisconsin, Plaintiff-Respondent,

v.

Michael A. KIRCHER, Defendant-Appellant.

Court of Appeals

*No. 93–2881–CR. Submitted on briefs October 6, 1994.—Decided November 23, 1994.*

(Also reported in 525 N.W.2d 788.)

For the defendant-appellant the cause was submitted on the brief of *Michael A. Kircher*, pro se.

For the plaintiff-respondent the cause was submitted on the brief of *James E. Doyle*, attorney general and *David J. Becker*, assistant attorney general.

Before Eich, C.J., Dykman and Vergeront, JJ.

VERGERONT, J. Michael Kircher appeals a conviction of homicide by intoxicated use of a vehicle. He contends: (1) the statute under which he was prosecuted, § 940.09, STATS., is unconstitutional because it requires him to prove his innocence by establishing an affirmative defense; (2) the prosecution's destruction of a tape recording of a 911 telephone call he placed after the accident prohibited him from establishing the affirmative defense; (3) he was denied his constitutional right to a unanimous jury verdict when the trial court failed to instruct the jury that it must unani-

mously agree before returning a guilty verdict; and (4) the introduction at trial of a question and answer statement he gave to the police, which includes his refusals to answer a number of questions about his alcohol consumption on the night of the accident, violated his right to remain silent. We reject each of Kircher's arguments and affirm the trial court.

## BACKGROUND

Kircher struck a pedestrian with his vehicle on a state highway in July 1991. Shortly after the collision, Kircher placed a 911 telephone call to the City of Beaver Dam Police Department to notify police of the accident. Although 911 calls received by the department are tape recorded, the tape recording of Kircher's 911 call was not preserved.

Within hours of the accident, Officer Rodney Kreitzman interviewed Kircher at the Beaver Dam police station. Before any questioning began, Kreitzman read Kircher his *Miranda* rights and Kircher signed a waiver of rights form. Kircher then completed a written question and answer statement in which Kreitzman asked a question, wrote it down, and then wrote down Kircher's answer. In the statement, Kircher provided general background information about the accident, including the time and place of the accident, how much sleep he had prior to the accident, that he was not taking any medications, and that he did not have any physical disabilities. But, Kircher stated that he refused to comment in response to questions regarding whether he had been drinking, at what time he had started and stopped drinking, where he had been drinking, and what happened in the accident.

Kircher was charged with one count of homicide by operation of a vehicle while under the influence of an

intoxicant, in violation of § 940.09(1)(a), STATS., and one count of homicide by operation of a vehicle with a blood alcohol concentration of 0.10 percent or more, in violation of § 940.09(1)(b), STATS.

Kircher did not dispute that he was under the influence of an intoxicant and had a blood alcohol concentration in excess of 0.10 percent at the time of the accident. Instead, he attempted to establish the affirmative defense under § 940.09(2), STATS.,[1] that the accident would have occurred even if he had been exercising due care and had not been under the influence of an intoxicant and did not have a blood alcohol concentration of 0.10 percent or more.

Although the parties agreed on the submission of the standard jury instruction requiring the jurors to unanimously agree on a verdict, the trial court failed to give this instruction.[2] Instead, it instructed the jury as follows:

> It is for you to determine whether the defendant is guilty of one, both, or neither of the offenses charged. You must make a finding of guilt or innocence as to each count of the information.

---

[1] Section 940.09(2), STATS., provides:

The defendant has a defense if he or she proves by a preponderance of the evidence that the death would have occurred even if he or she had been exercising due care and he or she had not been under the influence of an intoxicant or did not have a blood alcohol concentration described under sub. (1)(b) or (bm) or (1g)(b).

[2] WISCONSIN J I—CRIMINAL 515 provides in part:

This is a criminal, not a civil, case; therefore, before the jury may return a verdict which may legally be received, such verdict must be reached unanimously. In a criminal case, all 12 jurors must agree in order to arrive at a verdict.

When you retire to the jury room, select one of your members to preside over your deliberations. His or her vote is entitled to no greater weight than the vote of any other juror.

. . . .

When you return to the jury room, select one of your members to preside over your deliberations. His or her vote is entitled to no greater weight than the vote of any other juror.

When you have agreed upon your verdict, have it signed and dated by the person you have selected to preside.

The jury returned a verdict of guilty on both counts. After reading the verdict aloud, the trial court polled the jury at Kircher's request, asking each juror whether the verdict was his or her verdict. Each responded in the affirmative. The trial court accepted the verdict and entered judgment.

## AFFIRMATIVE DEFENSE

Kircher argues that § 940.09, STATS., is unconstitutional because it requires him to prove his innocence by establishing the affirmative defense under § 940.09(2), STATS. Under this subsection, the defendant has an affirmative defense if he or she can establish that the death would have occurred even if he or she had been exercising due care and had not been under the influence or did not have a prohibited blood alcohol concentration. He characterizes his argument as "a complete reiteration of the arguments that have previously been asserted in *State v. Caibaiosai*, 122 Wis. 2d 587[, 363 N.W.2d 574 (1985)]." Kircher concedes that this argument was rejected by the supreme court in *Caibaiosai*, but asks this court to "determine whether or not [it] agrees with the mind set of the *Caibaiosai* court."

We are bound by decisions of the state's highest court. *State v. Boshcka*, 178 Wis. 2d 628, 636, 496

N.W.2d 627, 629 (Ct. App. 1992). Following *Caibaiosai*, we reject Kircher's argument.

## UNANIMOUS VERDICT

Kircher next argues that he was denied due process of law and his right under the Wisconsin Constitution to a unanimous jury verdict when the trial court failed to instruct the jury that it must unanimously agree on a verdict.[3]

Sections 5 and 7 of article I of the Wisconsin Constitution guarantee the right to trial by jury. This right includes the right to a unanimous criminal verdict. *State v. Baldwin*, 101 Wis. 2d 441, 446 n.3, 304 N.W.2d 742, 746 (1981). The State concedes this, but argues that Kircher's right to a unanimous verdict was honored when the trial court polled the jury after the guilty verdict was returned.

The purpose of polling the jury is to test the uncoerced unanimity of the verdict. *State v. Wiese*, 162 Wis. 2d 507, 517, 469 N.W.2d 908, 911-12 (Ct. App. 1991). The act of polling the jury safeguards a defendant's right to a unanimous verdict by giving each juror an opportunity to dissent, although previously agreeing, or to state that his or her assent was merely an accommodation. *Id.* at 518, 469 N.W.2d at 912; *State v. Wojtalewicz*, 127 Wis. 2d 344, 348, 379 N.W.2d 338, 340 (Ct. App. 1985). Each juror must take individual

---

[3] As indicated, the parties had agreed on the unanimity jury instruction and the trial court gave no indication that it was not planning on providing the jury with that instruction. Section 805.13(4), STATS., provides: "Failure to object to a material variance or omission between the instructions given and the instructions proposed does not constitute a waiver of error."

responsibility and state publicly that he or she agrees with the announced verdict. *Wiese*, 162 Wis. 2d at 517-18, 469 N.W.2d at 912. A juror may dissent at any time before a verdict is received and properly recorded. *State v. Cartagena*, 140 Wis. 2d 59, 61, 409 N.W.2d 386, 387 (Ct. App. 1987) (citing *State v. Austin*, 6 Wis. 203 [*205], 205-06, [*207-08] (1858)). A failure to honor a timely request to poll the jury requires reversal. *State v. Behnke*, 155 Wis. 2d 796, 802-03, 456 N.W.2d 610, 612-13 (1990); *Wojtalewicz*, 127 Wis. 2d at 346, 379 N.W.2d at 339. This is because, absent a poll, a defendant has no way of ensuring that his or her right to a unanimous, uncoerced verdict was honored.

The two counts Kircher was charged with—homicide by operation of a vehicle while under the influence of an intoxicant and homicide by operation of a vehicle with a blood alcohol concentration of 0.10 percent or more—were based on *one* event. The sole issue raised on both counts was whether or not Kircher had established by a preponderance of the evidence that the death would have occurred even if he had been exercising due care and had not been under the influence of an intoxicant or did not have a prohibited blood alcohol concentration. There is no question, based on the jury poll, that there was unanimity regarding both counts. *Compare State v. Chambers*, 173 Wis. 2d 237, 496 N.W.2d 191 (Ct. App. 1992); *State v. Seymour*, 183 Wis. 2d 683, 515 N.W.2d 874 (1994).

Wisconsin courts have not addressed whether a failure to give the unanimity instruction, even though a jury poll shows unanimity, violates a defendant's right to a unanimous verdict. Courts in other jurisdictions have held that the jury instruction is not required if a poll of the jury shows unanimity. *See Hanson v. State*, 372 S.E.2d 436, 438-39 (Ga. 1988) ("[T]he

400

instruction and the poll have the same purpose: to insure the unanimity of the verdict. If the court does not give the instruction but does poll the jury, the defendant has an opportunity to resolve his doubts about the unanimity of the verdict."); *State v. Sturdivant*, 283 S.E.2d 719, 728 (N.C. 1981) ("[I]n the absence of a request, a judge is not even required to charge the jury in general about the need for an unanimous verdict since the defendant always has the right to have the jury polled."); *State v. Brown*, 227 S.W.2d 646, 654 (Mo. 1950) (no error when a unanimity instruction was not given but, when the verdict of guilty was returned, the court polled the jury and ascertained that the verdict was unanimous). *See also Hayes v. State*, 738 P.2d 533, 541 (Okla. Crim. App. 1987), *vacated on other grounds*, 486 U.S. 1050 (1988); *Fountain v. State*, 275 A.2d 251, 252 (Del. 1971); *State v. Mak*, 718 P.2d 407, 432-34 (Wash.) (en banc), *cert. denied*, 479 U.S. 995 (1986). *But see Curry v. State*, 471 So. 2d 476, 479 (Ala. 1984) (reversible error to fail to inform the jury that their verdict must be unanimous, even if the jury was later polled and each indicated that the verdict was his or her verdict).

We find the reasoning of the majority jurisdictions persuasive. Kircher has a constitutional right to a unanimous verdict, not to the instruction. The polling of the jury showed the verdict was unanimous. No constitutional error occurred due to the trial court's failure to give the instruction.

## 911 TAPE RECORDING

Kircher contends that the State violated his right under the Due Process Clause of the Fourteenth Amendment to a meaningful opportunity to present a

401

complete defense when it destroyed the tape recording of his 911 telephone call to the Beaver Dam Police Department. He argues that the taped call would have illustrated that he was alert and in full possession of his faculties, notwithstanding his intoxication, thereby establishing a defense under § 940.09(2), STATS.

The State does not dispute that Kircher placed the 911 call. In response to discovery demands, the district attorney requested that an effort be made to locate the tape recording. He was informed by the Beaver Dam Police Department that each tape is used to record 911 calls for specific days of the month, and that the July 21 tape was cleared and used to record calls for August 21. Therefore, at the time of Kircher's first request to preserve the 911 tape on August 22, 1991, the tape recording no longer existed.

■ The prosecution has a duty to preserve evidence only if the evidence possesses an exculpatory value that was apparent before the evidence was destroyed and is of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means. *State v. Oinas,* 125 Wis. 2d 487, 490, 373 N.W.2d 463, 465 (Ct. App. 1985) (adopting the holding of *California v. Trombetta,* 467 U.S. 479, 489 (1984)). Assuming, without deciding, that the 911 tape recording possessed an exculpatory value that was apparent before it was destroyed, Kircher's argument fails because he was able to obtain comparable evidence by other reasonably available means.

At trial, the 911 telecommunicator for the department who answered Kircher's call testified as follows:

Q I take it in the course of your duties in the 911 operator [sic] you get calls from people that are intoxicated?

A Yes.

Q How often?

A Approximately one a night.

. . .

Q Okay. So you've had plenty of experience receiving calls from people that were obviously intoxicated, is that correct?

A Yes.

Q You talked to Michael Kircher that night for, you say, three or four minutes you say; is that right?

A Yes.

Q Did you make any observations as to whether or not you thought he was intoxicated?

A I did not believe he sounded intoxicated.

Q Why do you say that?

A Because he was very calm, very collected. He gave detailed information.

Q Okay. And all the information he gave you proved to be accurate?

A Yes.

Other witnesses, including the investigating police officers, also testified that after the accident Kircher did not slur his speech or by his manner of speaking give any indication of intoxication.

The testimony of these witnesses shows that Kircher was able to present comparable evidence by other reasonably available means that he was, as he

claims, alert, aware and "able to clearly convey to the authorities the important details necessary for them to respond to this call." We find no due process violation.

## ADMISSION OF VOLUNTARY STATEMENT

Kircher argues that the admission of the statement he made to police, which included his refusals to answer questions about his consumption of alcohol, violated his right to remain silent guaranteed by article I, section 8 of the Wisconsin Constitution and the Fourteenth Amendment of the United States Constitution. At trial, Kircher did not object to the admission of the statement and did not object to the State's proposal to read the statement to the jury.

The State concedes that the statement was objectionable on the grounds Kircher suggests, but argues that Kircher waived this issue because he failed to object at the time the statement was introduced at trial.

Kircher cannot obtain appellate review of this alleged error as a matter of right because he failed to raise it below. *Ramaker v. State*, 73 Wis. 2d 563, 570, 243 N.W.2d 534, 538 (1976). Nevertheless, in the absence of a strategic waiver, this court may consider for the first time on appeal a constitutional error if it is in the interests of justice to do so and there are no unresolved factual issues. *State v. Marshall*, 113 Wis. 2d 643, 653, 335 N.W.2d 612, 617 (1983); *State v. Johnson*, 60 Wis. 2d 334, 343, 210 N.W.2d 735, 740 (1973). We choose to consider the error claimed by Kircher regarding admission of his statement. There are no factual issues that need to be resolved and it is in the interests of justice to review the alleged error.

404

We conclude that, although it was constitutional error to admit the portion of Kircher's statement showing his refusals to answer questions concerning his alcohol consumption, the error was harmless. The admission of the statement is subject to the harmless-error analysis under *Chapman v. California*, 386 U.S. 18 (1967). Under the harmless-error analysis, the test is whether there is a reasonable possibility that the error contributed to the conviction; the burden of proving no prejudice is on the beneficiary of the error, here the State. *State v. Dyess*, 124 Wis. 2d 525, 542-43, 370 N.W.2d 222, 231-32 (1985).

The unanswered questions in the statement related to whether, when and how much Kircher was drinking alcohol prior to the accident. Kircher argues that admission of his refusals to answer these questions impermissibly created an opportunity for the jury to infer from his silence that he "was hiding something from the jury about how much he had had to drink" and that he did engage in the conduct referred to by the interviewing police officer. But Kircher never disputed that he was intoxicated. The focus of his defense was on the issue of whether the accident would have occurred had he not been intoxicated. We conclude there is no reasonable possibility that the error contributed to Kircher's conviction.

*By the Court.*—Judgment affirmed.