COURT OF APPEALS
DECISION
DATED AND FILED

May 16, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2022AP238-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. 2019CF449

**IN COURT OF APPEALS
DISTRICT I**

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

ADEWOLE A. BURKS,

    DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Milwaukee County: JEFFREY A. WAGNER, Judge. *Reversed and cause remanded for further proceedings*.

Before Brash, C.J., Dugan and White, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.    Adewole A. Burks appeals from his judgment of conviction, entered upon a jury's verdict, for first-degree reckless injury by use of a dangerous weapon.    He also appeals from the order denying his motion for postconviction relief.    Burks argues that he was denied his right to a unanimous jury verdict in his conviction.    We conclude that the trial court, when faced with unambiguous dissent to the verdict during jury polling, erroneously exercised its discretion by not choosing one of the two options under Wisconsin law in such a situation:    to either return the jurors to deliberations or grant a mistrial.    Therefore, Burks was denied a unanimous verdict.    Accordingly, we reverse Burks's judgment of conviction and we remand for a new trial.

## BACKGROUND

¶2    In June 2019, Burks went to trial on one count of first-degree reckless injury by use of a dangerous weapon.    The count arose from an incident in which Burks allegedly shot G.D.K. four times in January 2019 during a physical dispute.    During the two-day trial, the jury heard testimony from the alleged victim, G.D.K.; T.A., a friend of both Burks and G.D.K. who witnessed the shooting; two Milwaukee Police Department (MPD) detectives; and in Burks's defense case—a second witness to the shooting and Burks himself.    Burks argued he acted in self-defense during the shooting.

¶3    After deliberations, the jury returned to the court to deliver the verdict.    The trial court received and read the written, signed verdict from the jury foreperson declaring the jury found Burks guilty.    The trial court then polled the jurors to determine whether this was each individual juror's verdict.    When the court turned to Juror No. 8, the following exchange happened:

THE COURT: … Number 8, was this in fact your verdict?

JUROR: Not really, no.

THE COURT: Pardon? Did you vote in favor of guilt?

JUROR: In the end, yes, but I was very—

THE COURT: Okay.

JUROR: Yeah.

THE COURT: But you voted yes, right?

JUROR: Yes.

The court then polled the remainder of the jurors and pronounced that the verdict was unanimous. The trial court asked the jurors if it could "assume, then, based upon everybody's responses, that the verdict was reached unanimously." The court noted that, "The jurors all shook their heads or answered in the affirmative."

¶4 After the jurors left the courtroom, trial counsel asked the court:

[TRIAL COUNSEL:] And can I ask what the juror number was who said "not really" when polled?

THE COURT: I don't, quite frankly, recall what that juror number was because—based upon what she said and that she—I took it to mean that she had a tough time dealing with it originally, but in the end she agreed with the rest of the jurors and the finding of guilt. And I believe I asked twice whether or not it was a unanimous verdict. So I don't really recall what number that was.

[TRIAL COUNSEL:] Perhaps it's in the court record, the court reporter's record.

THE COURT: I don't know.

THE CLERK: I believe it's Juror No. 8.

[TRIAL COUNSEL:] Eight?

THE COURT: Okay.

3

¶5    The trial court entered the judgment of conviction. Burks was sentenced to seventeen years of imprisonment, divided as ten years of initial confinement and seven years of extended supervision.

¶6    In August 2021, Burks filed a motion for conviction relief in the form of a new trial. Burks argued that the trial court erroneously exercised its discretion in how it handled Juror No. 8's answers to the verdict polling. In February 2022, the trial court denied Burks's motion.

¶7    Burks appeals.

## DISCUSSION

¶8    Burks argues that he is entitled to a new trial because his right to a unanimous jury was violated. He asserts that Juror No. 8 gave an unambiguous dissent to the verdict during the jury polling by saying, "No, not really." Burks then contends that the trial court erroneously exercised its discretion in its response to Juror No. 8's answer.

¶9    The State argues that Burks has forfeited or waived his objection to the jury polling by not raising it at the time the jury was polled.[1] We reject the State's forfeiture argument because it considers the wrong question. The question

---

[1] The State's primary argument is that Burks failed to object at the time of the jury polling of Juror No. 8 and, therefore, his argument is forfeited. The State misplaces its reliance on *State v. Brunette*, 220 Wis. 2d 431, 456, 583 N.W.2d 174 (Ct. App. 1998) ("Failure to bring the deficiency or incompleteness of an individual polling undertaken by the trial court to the attention of the trial court waives any claim of error based on that deficiency or incompleteness.") and *State v. Cydzik*, 60 Wis. 2d 683, 696, 211 N.W.2d 421 (1973) (concluding that any deficiency was waived when "defendant's trial counsel made no request for any additional polling of the jury when given the opportunity to so request"). The issues in both of those cases were irregularities in jury polling—there was no controversy in either case over whether the jury's verdict was unanimous. Therefore, we find these cases inapposite to the issue before us.

4

in this case is not whether there was an error in the jury polling, but the question is whether the jury verdict was unanimous.[2] "The right to a unanimous verdict … is so fundamental that it cannot be waived." ***Holland v. State***, 87 Wis. 2d 567, 597-98, 275 N.W.2d 162 (Ct. App.), *rev'd on other grounds*, 91 Wis. 2d 134, 280 N.W.2d 288 (1979). Therefore, we address the merits of Burks's claim.

¶10 "The Wisconsin Constitution's guarantee of the right to trial by jury includes the right to a unanimous verdict with respect to the ultimate issue of guilt or innocence." ***State v. Johnson***, 2001 WI 52, ¶11, 243 Wis. 2d 365, 627 N.W.2d 455; *see also* WIS. CONST. art. I, §§ 5, 7. "As a corollary to the unanimous verdict, a defendant has the right to have jurors polled individually." ***State v. Cartagena***, 140 Wis. 2d 59, 61-62, 409 N.W.2d 386 (Ct. App. 1987). "The purpose of jury polling is to test the uncoerced unanimity of the verdict by requiring jurors to take individual responsibility and state publicly that they agree with the announced result." ***State v. Raye***, 2005 WI 68, ¶18, 281 Wis. 2d 339, 697 N.W.2d 407. Our review of the unanimity of the jury verdict does not depend on what the jurors agreed to in the jury room, but depends on what was reported in open court. ***State v. Dukes***, 2007 WI App 175, ¶33, 303 Wis. 2d 208, 736 N.W.2d 515.

¶11 When the trial court receives an answer to the jury poll that is not an unambiguous assent to the verdict, Wisconsin law requires certain actions. First,

---

[2] Although a defendant inherently waives a right to a unanimous jury verdict when the defendant waives a right to a jury trial, or enters a guilty or no contest plea, here there is no claim that Burks waived his right to a unanimous jury, even if that were possible. *See* WIS. CONST. art. I, § 5; ***State v. Resio***, 148 Wis. 2d 687, 695, 436 N.W.2d 603 (1989); ***State v. Molitor***, 210 Wis. 2d 415, 419 n.2, 565 N.W.2d 248 (Ct. App. 1997); ***Holland v. State***, 87 Wis. 2d 567, 597-98, 275 N.W.2d 162 (Ct. App.), *rev'd on other grounds*, 91 Wis. 2d 134, 280 N.W.2d 288 (1979).

the trial court determines whether the juror's answer was an unambiguous dissent to the verdict or an ambivalent or ambiguous statement. *Cartagena*, 140 Wis. 2d at 62. In the case of an ambiguous answer, the court may seek clarification from the juror, either in the courtroom, or outside of the presence of the other jurors. *Raye*, 281 Wis. 2d 339, ¶35. However, if the juror's answer is an unambiguous dissent "or indicates that the assent is merely an accommodation and against the juror's conscience," then the court has two—and only two—options: (1) "send the jury back for continued deliberations"; or (2) "determine that further deliberations would be fruitless and grant a mistrial." *Id.*, ¶32.

¶12 When we review the trial court's course of action during the jury poll, we will sustain its decision unless the court erroneously exercised its discretion. *See Cartagena*, 140 Wis. 2d at 62-63. "An erroneous exercise of discretion may arise from an error in law or from the failure of the [trial] court to base its decisions on the facts in the record." *Raye*, 281 Wis. 2d 339, ¶16.

¶13 First, we consider the question of whether Juror No. 8's answer was ambiguous. The trial court explained in its postconviction decision that it determined that Juror No. 8's answer, in conjunction with her tone and demeanor, was ambiguous or ambivalent. The court stated it decided to clarify Juror No. 8's response through additional questions and an opportunity to state her dissent, in accordance with *Cartagena*, 140 Wis. 2d at 62. The court rejected Burks's "arguments that it foreclosed dissent and that it erroneously exercised its discretion."

¶14 We disagree. "No, not really" is not an ambiguous statement. At that point, the trial court's two options were to (1) stop the poll and return the jury to deliberations, or (2) determine that additional deliberations would be fruitless

6

and declare a mistrial. *Raye*, 281 Wis. 2d 339, ¶¶32, 37. Instead of proceeding within the framework, the trial court engaged in a short colloquy with Juror No. 8 and then continued the jury poll. "Because these actions were not available options upon a juror's dissent, the [trial] court's decision to pursue them constituted an erroneous exercise of discretion." *Id.*, ¶37.

¶15     Even if we assume without deciding that Juror No. 8's answer was ambiguous, we are not persuaded that the court's clarification questions provided that the verdict was unanimous. A reviewing court accepts "the trial court's finding on the issue of assent unless the record shows that the trial court foreclosed dissent." *State v. Wiese*, 162 Wis. 2d 507, 518-19, 469 N.W.2d 908 (Ct. App. 1991). The trial court's colloquy with Juror No. 8 does not show that the court allowed the juror to finish her response to the court's follow-up question, "Did you vote in favor of guilt?" The juror responded, "In the end, yes, but I was very"— and the transcript shows this was immediately followed by the court stating, "Okay." Therefore, we are not confident that the trial court gave the juror "an opportunity to dissent" which was not foreclosed by the judge's questioning. *See id.* at 519. This does not clarify that the eventual assent to the verdict was fairly and freely offered. *Raye*, 281 Wis. 2d 339, ¶19.

¶16     Alternatively, the State argues that any error in the jury polling was harmless. An error is harmless if it does not affect the substantial rights of a defendant. WIS. STAT. § 805.18(1) (2021-22).[3] The test of harmless error is "whether there is a reasonable possibility that the error contributed to the

---

[3] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

conviction. If it did, reversal and a new trial must result." ***State v. Dyess***, 124 Wis. 2d 525, 543, 370 N.W.2d 222 (1985). The beneficiary of the error has the burden of proving that the error did not prejudice the defendant. ***Id.***

¶17    The State argues that the error was harmless beyond a reasonable doubt because there is no evidence that the alleged error coerced the jury into its verdict; the State had a strong case against Burks; and Burks's self-defense claim was incredible. However, this formulation does not fit the facts because regardless of the strength of the State's case or the weakness of Burks's self-defense claim, one of the jurors did not assent to the verdict at the time of jury polling. The trial court then did not follow either of the two paths available under Wisconsin law when a jury poll reveals that there was not unambiguous assent to the verdict. *See* ***Raye***, 281 Wis. 2d 339, ¶37. Therefore, a harmless error analysis does not apply to these facts.

## CONCLUSION

¶18    We conclude that when faced with a dissent from the verdict during jury polling, the trial court failed to consider the proper standard of Wisconsin law—that Wisconsin has two options upon hearing dissent in the jury poll: continued deliberation or mistrial. Accordingly, we conclude that the trial court erroneously exercised its discretion to continue the jury poll and accept the verdict. Therefore, we reverse and remand for a new trial.

*By the Court.*—Judgment and order reversed and cause remanded for further proceedings.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

8